JAMES LINDSAY v. THE CIRCUIT JUDGES OF THE COUNTY OF WAYNE.

*Nonsuit of plaintiff—Motion to vacate—Mandamus.*

The parties to a cause in the Wayne circuit being unable to settle a bill of exceptions, a new trial was ordered.  When the case was called at the next term of court, the plaintiff, having proceeded to the office of his attorney instead of to the court-room, and not knowing that the case was on call that day, was not present, except by counsel, and was nonsuited.  The presiding judge refused to set aside the order of nonsuit, but upon *his* suggestion a *motion* was made for that purpose, to the *hearing* of which objection was made for the reason that it had not been *entered* upon the *motion-book*, which objection was sustained, with leave to *renew* the motion.  Upon the *second* hearing, being before *another* judge of the court, the motion was overruled upon the ground that substantial justice had already been done, and because the suit was a *trifling* matter, and had then been *expensive* to the parties and to the county ; whereupon plaintiff applied for a *mandamus* to vacate the nonsuit.

*Held*, that plaintiff having been prevented by a misapprehension from being in court when his case was called, it would have been a hardship not to open the nonsuit; that, the judge having *allowed* the motion to be made, its refusal on *technical* grounds,

[1]See *Durfee v. Abbott*, 61 Mich. 471.

coupled with the permission to *renew*, left it to be decided upon the *original* merits ; and that the reasons relied upon by the judge upon the *second* hearing were not sufficient to sustain the denial, and a *mandamus* should be granted.

Mandamus to set aside nonsuit.   Submitted November 16, 1886.   Granted November 17, 1886.   The facts are stated in the opinion and head-note.

*Stewart & Galloway,* for relator.

*B. T. Prentis* and *H. A. Chaney,* for respondents.

PER CURIAM.   In this case, when the cause had been reinstated, and stood for trial, it was subject to the same rules as any other; and, the failure to have the party in court when called appearing to have arisen entirely out of a misapprehension as to where he was to be, it would have been a hardship not to open the nonsuit when the court had seen fit to enter it.   The judge having allowed the motion to be made, and there being no real question about it, the subsequent refusal of it on technical grounds, as to the formality of entering it, and not on the merits, coupled with permission to renew it, left it where it should have been decided, on the original merits, as it no doubt would have been had the same judge heard it, as the usual course contemplates. Under these circumstances, the reasons which guided the other judge, which related rather to public convenience than to the mutual rights of the parties, were not, in our opinion, applicable, and were not sufficient to sustain the denial, no other grounds being made out.   The motion should have stood on its first grounds, and the validity of these does not seem to have been denied by the return.

The *mandamus* must be granted.