RALEIGH, PLAINTIFF, *v.* FIRST JUDICIAL DISTRICT COURT, DEFENDANT.

[No. 1555.]

[Submitted July 10, 1900. Decided July 16, 1900.]

*Probate Law—Contest of Will—Res Judicata—Mandamus.*

1. Where a contest of a will was dismissed because not stating a cause of action, such dismissal did not deprive contestant of the right to maintain a subsequent contest based on other grounds.
2. Under Code of Civil Procedure, Articles 1 and 2, Chapt. 2, Title 12, Part 3, one desiring to contest a will may file a statement of opposition to the probate of the will at any time prior to the hearing of proof of the will; *obiter*, possibly the right may continue until the admission to probate.

3. Where a district court erroneously struck from the files a contest of a will on the ground that it was inadmissible, because of a former contest, which had been dismissed as not stating a ground of contest, as an appeal would not lie from the order a writ of mandamus will be granted to compel the court to take jurisdiction.

4. Refusal to take jurisdiction, or after having acquired jurisdiction, refusal to proceed in its regular exercise, or the erroneous determination of a preliminary question of law upon which the court refused to examine the merits, will be corrected by mandamus.

APPLICATION in the Supreme Court by Medora T. Raleigh for writ of mandamus against the district court of the First judicial district to compel it to restore to its files a second contest to the probate of a will.    Writ granted.

*Mr. T. J. Walsh, Messrs. Sanders & Sanders, and Mr. Massena Bullard,* for Plaintiff.

*Messrs. Clayberg and Gunn, Mr. H. G. McIntire, and Mr. H. S. Hepner,* for Defendant.

**Mr. JUSTICE PIGOTT,** delivered the opinion of the court.

This is an application for a writ of mandate to the district court of Lewis and Clarke county, commanding it, among other things, in substance, to reinstate and entertain jurisdiction of a contest instituted by the plaintiff on the 5th day of May, 1900, of the alleged will of one Albert G. Clarke, deceased. An alternative writ was issued, and the court through its judges, showed cause by answers. The petition and answers disclose these facts: On the 10th day of January, 1900, the Honorable Sidney H. McIntire, one of the judges of the district court of Lewis and Clarke county, appointed the 23d day of January, 1900, as the time for the hearing of a petition praying for the probate of the alleged will, and of two alleged codicils thereto (one bearing date the 16th day of January, 1899, and the other having been made on the 27th day of June of that year) of Clarke, deceased. On the day appointed for the hearing, the plaintiff in the present proceeding, appeared and filed the statement of her grounds of opposition to the probate of the purported will, in so far as the codicil of January 16, 1899, was concerned, alleging that such codicil was no

part of said will, the testator having been induced to make the
codicil by the fraud and undue influence of certain devisees,
and legatees.    The petitioners for the probate of the will tra-
versed the averments of the contestant touching the fraud and
undue influence, and also pleaded matter in avoidance.    The
contestant, by reply, joined issue on the new matter.    On the
2d day of May, 1900, the contest came on for hearing before
the court sitting with a jury, whereupon the proponents
of the will objected to the introduction of evidence and to the
court's proceeding further in the cause, and moved that the
grounds of opposition be over-ruled, for the reason that the ex-
ecution of the second codicil was a republication of the original
will as modified by the codicil of January 16, 1899, and be-
cause the grounds of opposition were confined solely to the first
codicil; there being no allegation that the testator was of un-
sound mind at the time of the execution of the last codicil, or
that he was induced to make it by fraud, duress, or undue in-
fluence.    Before the submission of the motion, the contestant
offered to file, and serve amended grounds of opposition, al-
leging that at the time of the making of each of the codicils,
the decedent was not free from fraud or undue influence, but,
on the contrary, that certain of the legatees and devisees, had
exercised, and did then exercise, over him, undue influence,
and practiced fraud upon him, whereby he was induced to
make the codicil dated January 16, and also the later one of
June 27th.    The proponents objected to the allowance of the
amended statement of grounds of opposition to the will, for the
reason that the proposed amended protest set forth a new and
different cause of action from that originally filed, which ob-
jection was sustained on the 4th day of May.    On the same day
the objection theretofore interposed to the reception of any ev-
idence in support of the allegations of the contest and the mo-
tion to overrule the contest were, respectively, sustained and
granted, and the contest was dismissed.    The court then ad-
journed the hearing of the petition to prove the will to the 5th
day of May, at the hour of 2 o'clock in the afternoon.    On
that day, and before the hour appointed, the contestant filed a

duly-verified statement of her grounds of opposition to the pro-
bate of the will, the statement setting up the same objections
that were contained in the amended statement of opposition
offered to be filed on the 2d day of May; at the hour of 2 o'clock
on the 5th day of May the proponents of the will moved to
strike from the files the statement of contest; on May 26, the
court granted the motion, and refused to proceed further with
the contest, the court basing its action upon the supposed fact
that the contestant had, at the time originally appointed, for
the hearing of the petition to prove the will, filed her written
opposition to the probate of the will, assailing the first codicil
only.   The court held that one contest had already been filed
and disposed of upon law points, and that the statute will not
permit successive contests before probate.   After the court,
through Judge McIntire, had stricken the grounds of opposi-
tion from the files, the matter of hearing proof of the execu-
tion of the alleged will and codicils was, upon motion of the
contestant, transferred by Judge McIntire, to the other de-
partment of the district court, presided over by the Honorable
Henry C. Smith, as judge, with the request that Judge Smith
act in the place of Judge McIntire in hearing the proof touch-
ing the execution of the will and codicils.   Since the transfer
to Judge Smith's department, no hearing has been asked for,
or had.

Upon the foregoing facts the defendant moves this court to
quash the alternative writ of mandate and dismiss the proceed-
ing, for the reason that neither the petition nor alternative
writ states facts sufficient to authorize the granting of the
peremptory *mandamus*, or any relief whatever.   The plaintiff
on the other hand, moves the court to grant a peremptory
writ of mandate herein, notwithstanding the answers.

Two questions are presented:   (1)   Did the plaintiff have
the right to file written grounds of opposition to the probate
of the will after the dismissal of the first contest, and subse-
quently to the day originally appointed for hearing the peti-
tion for the probate of the will, but at the time to which the
hearing was postponed?   (2)   Is *mandamus* the proper rem-

edy? These two questions, only, are necessarily involved. Whether or not the court erred in refusing to permit the plaintiff to amend her grounds of contest, and whether or not the court was right in dismissing the first formal contest, we need not inquire. Nor is it essential . that we consider the scope or effect of that part of section 2, of Article VIII, of the constitution of Montana providing that the supreme court "shall have a general supervisory control over all inferior courts, under such regulations and limitations as may be prescribed by law." This provision was touched upon in *State ex rel. B. and M. C. C. & S. Mining Co. et al.* v. *Second Judicial Dist. Ct.* 22 Mont. 220, 56 Pac. 219; and provisions resembling it have been considered in (*Vine* v. *Jones*, Judge (S. D.) 82 N. W. 82; *State ex rel. Fourth Nat'l Bank* v. *Johnson*, Circuit Judge, 103 Wis. 591, 79 N. W. 1081; *State, ex rel. Padron* v. *Judge*, 31 La. Ann. 794; *Tawas, etc., Railroad Co.* v. *Judge*, 44 Mich. 479, 7 N. W. 65; *City of Detroit* v. *Judge*, 79 Mich. 384, 44 N. W. 622.) With regard to the doctrines announced in these cases which we have cited for convenient reference, no opinion is expressed.

1. The court held that the first contest failed to state any ground of opposition to the will, and therefore dismissed it. Before the hearing of the petition, the plaintiff caused to be filed the statement of the new grounds of opposition to the will; this the court refused to consider, and struck from the files, for the reason that the plaintiff had already attempted to maintain a contest which had been disposed of upon law points, the statute not permitting successive contests before probate. It is to be observed that the first attempted contest was dismissed because it failed utterly to state any ground of opposition to the probate of the will, and that the second contest was dismissed because there had already been a contest instituted against the will. Without commenting upon this seeming inconsistency, it is enough to say that the institution and dismissal of the first intended contest did not deprive the plaintiff of the right to commence and maintain a subsequent contest based upon other grounds. Neither the common law nor

the statute recognizes the doctrine applied by the court in striking from the files the second statement of contest. In this court, counsel for the defendant argue that, because the plaintiff failed to institute the second contest at the time originally appointed for the hearing of the petition for probate, the court was correct in striking it from the files. Their contention is that one desiring to contest a will before probate must, at the time appointed for the hearing, file his statement of the grounds of opposition, and that a contest instituted thereafter, even though it be at the time to which the hearing was postponed, is too late. In our opinion, such is not the interpretation of those sections of Articles I and II of Chapter II, Title XII, Part III, (Sections 2320–2346) of the Code of Civil Procedure, pointing out the procedure with respect to the probate and contest of wills. We are satisfied that the statement of opposition to the probate of the will may properly be filed at any time prior to the hearing of proof of the will. The interpretation contended for by counsel, cannot be indulged without giving to the statutes a meaning of which their language is not fairly susceptible.

2. Is *mandamus* the proper remedy? The plaintiff possessed the absolute right to institute the second contest. The district court struck the contest from the files for the reason that, as the court believed, the law did not permit it to be filed. But the law specially enjoined upon the district court the duty to entertain jurisdiction and proceed in the regular exercise thereof, and to refrain from striking a contest for the reason assigned. Refusal to take jurisdiction, or, after having acquired jurisdiction, refusal to proceed in its regular exercise, or the erroneous determination of a preliminary question of law, upon which the court refused to examine the merits, will be corrected by *mandamus*. The rule that *mandamus* will not issue to control discretion or to revise judicial action, but only to direct the court to act in such matter, is to be understood as applying only to the act to be commanded by the writ, and not to the decision of purely preliminary questions of law only If the rule applied to such preliminary questions then,

to use the language of Mr. Hayne in section 323 of his treatise on New Trials and Appeals, "no writ of *mandamus* could ever issue, and the machinery provided by the Code for trying such questions would be useless. The distinction above stated applies not only where the act to be performed is purely ministerial,—such as the signature of a warrant, the payment of a claim, or the like,—but also where it is judicial in its nature." In *Castello* v. *Circuit Court*, 28 Mo. 259, it was held that "where an inferior judicial tribunal declines to hear a cause upon what is termed a preliminary objection, and that objection is purely a matter of law, a *mandamus* will go, if the inferior court has misconstrued the law." Judge Scott in concurring, expressed the opinion that if the inferior court had quashed the proceeding upon an erroneous interpretation of the statute requiring a notice to be given, *mandamus* would not lie, but, that, if notice was not required by any law or rule of practice then, that the inferior court had no authority to exact the giving of such notice, and *mandamus* would lie. In the present proceeding there was no law or rule of practice which prevented the institution of the second contest at any time prior to the hearing of the petition for the probate of the will,—possibly the right may continue until the admission to probate. If the statute or the law required that a contest be commenced at or prior to the time originally appointed for the hearing of the petition, or prescribed that not more than one contest should be instituted by the same person, and the court, upon applying the facts to the statute, or law, had erroneously decided against the plaintiff, holding that the contest of the plaintiff was within the inhibition of such statute or law, then, perhaps, the judgment or discretion of the lower court could not be controlled by *mandamus*. Mr. High, in section 151 of his work on Extraordinary Legal Remedies, says: "A distinction is recognized between cases where it is sought by *mandamus* to control the decision of an inferior court upon the merits of a cause, and cases where it has refused to go into the merits of the action, upon an erroneous construction of some question of law or of practice preliminary to the final hearing. And,

while, as we shall see, the decision of such court upon the merits of the controversy will not be controlled by *mandamus*, yet if it has erroneously decided some question of law or of practice presented as a preliminary objection, and upon such erroneous construction has refused to go into the merits of the case, *mandamus* will lie to compel it to proceed."

Although the writ of mandate will not lie to correct errors committed by a court while exercising its judicial discretion upon the merits of the case (either of law or of fact) within its jurisdiction, as was held in *State ex rel. Independent Pub. Co.* v. *Smith*, Judge, 23 Mont. 329, 58 Pac. 857, yet, to adopt the language of the Supreme Court of the United States in *Ex parte* Parker, 120 U. S. 737, 7 Sup. Ct. 767, 30 L. Ed. 818, which case has been cited with approval in *State ex rel. Mathews et al.* v. *Eddy*, 10 Mont. 311; 25 Pac. 1032,—the writ of mandate does "properly lie in cases where the inferior court refuses to take jurisdiction where by law it ought so to do, or where, having obtained jurisdiction in a cause, it refuses to proceed in the due exercise thereof." In the Parker case the Supreme Court of the territory of Washington refused to hear a case taken to that court by appeal, because it considered, upon an erroneous interpretation of the statute, that the parties were not in court for the purposes of appeal, and the court dismissed the appeal for want of jurisdiction. The Supreme Court of the United States issued a peremptory *mandamus* commanding the territorial court to reinstate the appeal, and proceed, in the exercise of its jurisdiction, to hear and determine the same upon its merits. (*Ex parte Schollenberger*, 96 U. S. 369, 24 L. Ed. 853; *Harrington* v. *Holler*, 111 U. S. 796, 4 Sup. Ct. 697 28 L. Ed. 602; *Hollon Parker, Petitioner*, 131 U. S. 221, 9 Sup. Ct. 708, 33 L. Ed. 123; *Gaines* v. *Rugg*, 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432; and *In re Hohorst*, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211 —in which writs of mandate were issued, are well-considered cases upon this subject.) The doctrine announced by the supreme court of the United States, and the principles deduced by the text writers mentioned from a consideration of

the cases, are well nigh universally recognized and followed by the English and American courts, as will appear by an examination of the following citations: (*Castello* v. *Circuit Court, supra; State ex rel. Huey* v. *Cape Giardeau Court of Common Pleas*, 73 Mo. 560; *State* v. *Laughlin*, 75 Mo. 358 *State ex rel. Shannon* v. *Hunter*, 3 Wash. St. 92, 27 Pac. 1076; *Ferguson* v. *Kays*, 21 N. J. Law, 431; *People ex rel. Fishers* v. *New York Common Pleas*, 18 Wend. 534; *Wood* v. *Strother*, 76 Cal. 545, 18 Pac. 766; *Floral Springs Water Co.* v *Rives*, 14 Nev. 431; *State ex rel. Keane* v. *Murphy*, 19 Nev. 89, 6 Pac. 840.) Nor is this court without the authority of its own adjudications which either expressly or tacitly recognize the doctrines and principles referred to: (*State ex rel. Mathews et al.* v. *Eddy, supra*; *State ex rel. Kellogg* v. *District Court of First Judicial District*, 13 Mont. 370, 34 Pac. 298, and *State ex rel. Coleman et al.* v. *District Court of Third Judicial District*, 14 Mont. 476, 37 Pac. 7.)

It is therefore unnecessary now to determine whether, in striking from the files the statement of the grounds of opposition to the will, the district court refused to take jurisdiction of the second contest, or, after having obtained jurisdiction, refused to proceed in its exercise, or, (if this differs from a refusal to proceed in the exercise of jurisdiction) erroneously decided a pure question of law or practice presented as a preliminary objection, and upon such erroneous interpretation refused to entertain the contest; manifestly, the court did the one thing or the other or both, and in either case *mandamus* is the proper remedy, unless there are other grounds for the denial of the writ.

The plaintiff is therefore entitled to a peremptory writ, unless she has a plain, speedy, and adequate remedy in the ordinary course of law. There is no appeal allowed from the order striking the grounds of contest from the files; but conceding that the error committed by the district court in striking the grounds of contest from the files might be reviewed in this court on an appeal from the judgment admitting the will to probate, yet such remedy would not be plain, speedy,

and adequate.   In the present state of the calendar of this court, and under the present rules, an appeal from a judgment admitting the will to probate could not be heard within two years after the filing of the transcript, and before that time the right of the plaintiff, conferred by section 2360 of the Code of Civil Procedure, to contest after the probate would have expired.   In *In re Hohorst, supra*, the court said:  "The Hamburg-American Packet Company being liable to this suit in the circuit court of the United States for the Southern district of New York if duly served with process in the district and having been so served and the order of that court dismissing the suit as against the corporation not being reviewable on appeal at this stage of the case, there can be no doubt that *mandamus* lies to compel the circuit court to take jurisdiction of the suit as against the corporation."   In *Gaines v. Rugg, supra*, the court said:   "In the present case, as we have before observed, there was no discretion to be exercised by the circuit court; and, although it might have been admissable to raise the question by a new appeal to the proper court, yet, in view of the delay to be caused thereby, we do not consider that such remedy would have been, or would be, fully adequate, or that a writ of *mandamus* is now improper."   To the same effect is *State ex rel. Keane v. Murphy, supra.*

Much stress has been laid upon the case of *State ex rel. Independent Pub. Co.* v. *Smith, Judge, supra.*   Counsel for the defendant assert that it is decisive of the proceeding at bar. That case, however, is not in point.   There the district court did not refuse to entertain the action, but took jurisdiction of it, and, if the court erred, the error was not committed in the decision of a question of law preliminary to any investigation, but in a matter in relation to an interlocutory order involving discretion, which could not be controlled by a writ of mandate.   There it was also properly held that an appeal from a judgment against the plaintiff therein would furnish a plain, speedy and adequate remedy in the ordinary course of law for the correction of any error committed in refusing to change the venue; an appeal was the only remedy, in that case, and,

in contemplation of law, it was in every respect ample. A peremptory writ will be granted as prayed, commanding the district court to restore the second contest to the files, and to proceed therewith in the due exercise of its jurisdiction.

*Writ Granted.*