STATE EX REL. NORTHERN PACIFIC RY. CO., RELATOR,
v. LOUD, JUDGE, RESPONDENT.

[No. 1589.]

[Submitted September 6, 1900. Decided September 10, 1900.

*Contempt — Punishment — Powers of Judge at Chambers — Mandamus.*

1.  Under the provisions of the Code of Civil Procedure, where there has been disobedience of an order made at a term of court, the judge at chambers in vacation has power to punish the same as a contempt.
2.  Where the District Judge dismissed contempt procedings, holding that he was not authorized to entertain them, *mandamus* to compel him to hear and determine them was the proper remedy, since an appeal from the order of dismissal would not lie.

*Mandamus* by the state on the relation of the Northern Pacific Railway Company, against C. H. Loud, as judge of the Seventh judicial district in and for Custer county. Writ granted.

*Mr. Wm. Wallace, Jr.*, for Relator.

*Mr. Geo. W. Farr*, and *Mr. Geo. R. Milburn*, for Respondent.

**MR. JUSTICE WORD** delivered the opinion of the Court.

Application for writ of mandate to compel respondent to hear and determine certain proceedings for contempt growing out of an alleged violation by one James B. Kempton of a certain injunction theretofore issued against said Kempton in a certain action in said district court of said county wherein the said Kempton was defendant and Thomas F. Oakes, Henry C. Payne, and Henry C. Rouse, as receivers of the Northern Pacific Railway, were the plaintiffs.

The facts are these: On the 18th day of August, 1895, in an action theretofore begun in the District Court of the Seventh judicial district, Custer county, Thomas F. Oakes and others, as receivers of the Northern Pacific Railway, plaintiffs, obtained a temporary restraining order against said James B. Kempton, defendant, in said action, enjoining him from diverting the water from a certain stream known as "Sand Creek," in said county and state or from in any way preventing the said plaintiffs from using the water of said stream for the purpose of supplying water to the water tank of the Northern Pacific Railroad Company at the station of Terry, in said county of Custer. Thereafter, on the 31st day of March, 1899, judgment was rendered in said action in favor of said plaintiffs and against said defendant, and the temporary restraining order theretofore issued in said cause was made permanent.

On the 6th day of August, 1900, in behalf of the relator herein, affidavits were filed in the said District Court of said county, setting forth the facts above given, and further alleging that said James B. Kempton, defendant in said action, had theretofore violated, and then was willfully and maliciously violating, the said injunction order issued on the 18th day of August, 1895, and also the perpetual injunction granted in said cause on the 31st day of March, 1899. Upon the showing made, the respondent, at chambers, caused an order to issue under the seal of said court, and to be served upon said Kempton, requiring him to show cause on the 11th day of August, 1900, why he should not be punished for contempt of court for violating the degree of said court made and

entered in said action on the 31st day of March, 1899.
Thereafter on the 11th day of August, 1900, the said Kemp-
ton appeared before respondent at chambers, and moved that
the proceedings in contempt be dismissed for two reasons, the
second of which is as follows: "Because the judge of said
District Court in vacation had no authority in law to make
such a rule to show cause, or to hear or determine contempt
proceedings for the violation of any order or decree made by
said court in term time."

The respondent, after hearing argument on said motion,
granted the same, and dismissed said proceedings in contempt,
for the reason set forth in the second ground of said motion
above given.

If this ruling of the respondent upon the motion to dismiss
was correct, then the writ of mandate should not issue; but if,
under the statute, respondent had the power, and it was his
duty, to hear and determine the proceedings in contempt in
vacation, then the writ should issue.

The position taken by counsel for respondent may be thus
stated: A contempt committed in the immediate view and
presence of the court, or judge at chambers, under the statute,
may be punished summarily (Code of Civil Procedure, Section
2172); that under this section of the Code a judge at cham-
bers would have the authority to punish as for a contempt the
violation out of his presence of an order made by a judge at
chambers. But respondent contends that there is no authority
given by Section 2172, *supra*, or by any other section of the
statutes, by virtue of which a judge at chambers may punish
as for a contempt the violation of an order or decree made in
term time.

To determine the questions presented, it becomes necessary
to examine the statutes by which it is claimed the power to
punish at chambers, and as for a contempt, disobedience of
the judgments or orders of court is given. Section 171 of the
Code of Civil Procedure, among other things, provides: "The
judge of the District Court may at chambers  *   *   *  grant
all orders and writs which are usually granted in the first

instance upon an *ex parte* application, and at chambers hear
and dispose of such orders and writs; and may also, at cham-
bers, make any order, issue any process, and hear and deter-
mine any matter necessary in the exercise of his powers in
matters of probate, or in any action or proceeding provided
by law.    If a jury is necessary the judge may open court and
obtain a jury as in other cases.''

Section 2170 of the Code of Civil Procedure declares cer-
tain acts or omissions in respect to a court of justice, or pro-
ceedings therein, to be contempts of the authority of the
court.    Subdivision 5 of said section is as follows:   ''Dis-
obedience of any lawful judgment, order, or process of the
court.''

The affidavits presented to respondent, and upon which the
order to show cause was based, charged that the defendant
Kempton had willfully disobeyed and disregarded a valid and
existing order and decree of the court.    Under Section 2170,
*supra,* this was a contempt of the authority of the court.
One of the steps that may be taken in proceedings for con-
tempt is an application for, and the granting of, an order to show
cause.    In the opinion of the Court, express authority to make
the order to show cause and to hear and determine the pro-
ceedings for contempt in vacation is expressly given by Sec-
tion 171, *supra.*    An order to show cause is one ''usually
granted in the first instance upon an *ex parte* application;'' and
this section, which gives to the judge at chambers the power
to make such an order, likewise gives him power at chambers
to hear and dispose of the same.    This Section (171) further
provides that a judge at chambers ''may make any order
*     *     *    and hear and determine any matter necessary in the
exercise of his powers  *    *    *    in any action or proceeding
provided by law.''    Here, also, is express authority found to
grant the order to show cause and to hear and determine the
proceedings for contempt.    Nor does this section of the Code
limit the powers of a judge at chambers to the punishment, as
for contempt, of the disobedience of orders made in vacation.
Disobedience of an order made during a term of court may be

punished at chambers in vacation.   To hold otherwise would be to overlook one of the patent purposes of this statute, and that was: to give to the judges of the district courts of this state, not continually in session, the power to enforce, in vacation, obedience to orders and decrees made in term time.

Support for this construction is to be found in the several sections of Title V of Chapter III of the Code of Civil Procedure, entitled "Contempts." An examination of this title shows that it is the court *or judge*, and not the court alone, who is authorized to punish in the manner and form prescribed by statute those acts and omissions designated therein as contempts of the authority of the court.   For instance, the last section of this title (Section 2183) provides that "the judgment and orders of the court or judge, made in cases of contempt, are final and conclusive, and there is no appeal," etc.; thus plainly showing that the judgments and orders contemplated by the statute are those which may emanate from a judge at chambers as well as from the court itself.   When Sections 2170–2183 of the Code of Civil Procedure are read in connection with Section 171, *supra*, we are of the opinion that the conclusions we have reached are those in keeping with the intent and spirit of the statute.

Counsel for respondent cites a number of cases in which the powers of judges at chambers are considered and defined. A leading case is that of *People* v. *Brennan*, 45 Barb. 347. The court in this case reached the following conclusions: "That the court cannot punish as for a contempt a disobedience of an order made by a judge out of court, unless such order is made in an action pending in the court; and that a judge out of court has no authority to punish as for a contempt a disobedience of an order made by him in a statutory proceeding before him, unless authority so to punish is expressly conferred by law." This case, and those of like holding, are not in conflict with the conclusions reached herein, because our statutes give to a judge at chambers the power and authority denied him by the statutes of those states wherein the cases cited by counsel for respondent were decided.

It may be added that in many states, besides our own, statutes have been passed which authorize at chambers and in certain cases the exercise of the power to punish as for a contempt the disobedience of a lawful judgment or order of the court. (4 Enc. Pl. & Prac. p. 340).

Under the authority of *Raleigh* v. *First Judicial District Court*, 24 Mont. 306, 61 Pac. 991, *mandamus* is the proper remedy, and it follows from the conclusions we have reached that the writ should issue as prayed for, and it is so ordered.

*Writ Granted.*