THE STATE OF NORTH DAKOTA EX REL. F. C. HEFFRON, Assistant Attorney General of State of North Dakota, v. THE DISTRICT COURT FOR THE COUNTY OF STARK in the Tenth Judicial District of the State of North Dakota, and the Hon. K. E. Leighton, Acting Judge for said District Court in the Action in Said District Court Entitled, "The State of North Dakota, Plaintiff, vs. Charles Nolan, Defendant."

(143 N. W. 143.)

**Inferior court — jurisdiction — preliminary question — error — remedy — supreme court — review — Constitution.**

1. Where an inferior court decides a jurisdictional question, or one preliminary to the main controversy submitted to it adversely to its jurisdiction, and refuses further action, such decision, although judicial in character, constitutes, if erroneous, a refusal to perform its duties with respect to the main controversy, and in the absence of other adequate and sufficient remedy the supreme court under the superintending control granted in § 86, article 4, of the Constitution, may review such decision, and consider whether or not it was the duty of the inferior court to entertain the controversy.

Note. — For an exhaustive treatment of the question of the superintending control and supervisory jurisdiction over inferior courts, see extensive note in 51 L.R.A. 33, and supplemental note thereto in 20 L.R.A.(N.S.) 942.

**Inferior court — duty — jurisdiction — supreme court — mandamus.**

2. In the exercise of its superintending control, and where the inferior court erroneously decides a jurisdictional question, or one preliminary to the main controversy submitted to it adversely to its jurisdiction, the supreme court may compel a performance of its duty by the inferior court and the taking of such jurisdiction by the writ of mandamus.

**Action — dismissal — liquor nuisance — attachment — contempt — injunction.**

3. The dismissal of the original action for an injunction to abate a liquor nuisance, brought under § 9374, Rev. Codes 1905, does not in itself operate to dismiss an attachment for a contempt of court committed by the unlawful sale of liquor in the premises affected during the life of the injunction.

**District court — agreement — action — dismissal.**

4. An agreement or promise on the part of the district court to dismiss an action does not constitute such a dismissal.

Opinion filed September 13, 1913.

Mandamus by the State on relation of F. C. Heffron, Assistant Attorney General of State of North Dakota, against The District Court for the County of Stark in the Tenth Judicial District of the State of North Dakota, and the *Hon. K. E. Leighton,* acting Judge for said District Court in the action in said District Court entitled, "The State of North Dakota, Plaintiff, vs. Charles Nolan, Defendant."

Writ allowed.

Statement by BRUCE, J.

This is an application for a writ which shall command the district court of the county of Stark to proceed and try one Charles Nolan upon a charge of contempt of court. It is an appeal to the supervisory powers of this court conferred by § 86 of article 4 of the Constitution of North Dakota. In November, 1907, an action was commenced in the district court for said Stark county entitled, "State of North Dakota, ex rel. T. F. McCue, Attorney General of North Dakota, Plaintiff, vs. Chas. Nolan and E. J. Berry, Defendants, "to abate a liquor nuisance on lot 15, block 4, town of Dickinson," and summons, complaint, and injunction therein were served on defendants. This action was dismissed on motion of plaintiff in August, 1909. On June 9, 1909, another action in equity was commenced in said district court

26 N. D.—3.

for the same purpose and between the same parties, and at the time of the issuance of the summons and complaint the Honorable W. C. Crawford, judge of said district court, made an order restraining said defendants from keeping said premises as a place where intoxicating liquors were sold, or kept for sale as a beverage, or where persons were permitted to resort for the purpose of drinking intoxicating liquors. Said injunctional order was served on the defendant, Charles Nolan, on June 9, 1909. On July 20, 1909, the Honorable W. C. Crawford duly transferred said action by written request to Honorable A. G. Burr, judge of the ninth judicial district. On or about July 21, 1909, Honorable A. G. Burr issued an attachment for said Charles Nolan, requiring him to appear before the court July 29, 1909, to answer to a charge of contempt of court for having violated such injunction. Before said proceedings were called for trial, and on August 6, 1909, said Charles Nolan procured a continuance on the ground of sickness, and on November 11, 1909, on motion of plaintiff, said proceedings were dismissed and defendant discharged, no hearing ever having been held thereunder. Immediately after said order of dismissal, the Honorable A. G. Burr issued another attachment for said Nolan, requiring defendant to appear before the court on December 7, 1909, to answer to the charge of contempt in having violated and disobeyed said injunction. The charge in the second attachment was the same as that in the former, except that in the former he was charged with having violated the injunction in having sold liquor from the 9th day of June, 1909, to the 19th day of July, 1909, while in the latter he was charged with having sold liquor from the 9th day of June, 1909, to the 9th day of November, 1909. Before there was any hearing upon this attachment, and on December 10, 1909, the Honorable A. G. Burr duly transferred the principal action by written request to Honorable W. H. Winchester, judge of the sixth judicial district. On December 13, 1909, Honorable W. H. Winchester duly transferred the principal action, by written request, to Honorable W. C. Crawford, judge of the tenth judicial district, and on the 11th day of October, A. D. 1909, the defendant E. J. Berry, who was the owner of the building in question, executed an undertaking and petition to abate said action, and on said matter being presented to the court, and some time during the year 1909, the Honorable W. C. Crawford fixed the amount of the undertaking, and stated

that, upon the filing of said undertaking and payment of the costs, he would order an abatement of the action. Said undertaking is now in the files, but the time of filing is not indorsed on said undertaking or petition, nor is there any record of the time of said filing, and no order of abatement has ever been made or signed. The affidavits in the record show, however, that some time during the year 1909 the court had fixed the value of the property and determined the amount of the bond, and that said bond had been duly approved, and that the costs, as fixed by the court, have been paid into the clerk's office. On November 6, 1912, the Honorable Frank E. Fisk, judge of the eleventh judicial district, was requested by the Honorable W. C. Crawford to try and determine all matters and issues in the said case. And on November 8, 1912, a motion was made by the defendants' attorneys to dismiss the contempt proceedings on the grounds that: "1. The affidavit upon which said warrant is based does not state or show by positive averment a prima facie case in behalf of the state in this that (a) the affidavit of F. C. Heffron is made entirely upon information and belief; in so far as a violation of the injunctional order is concerned; (b) the affidavits of J. C. Lemar, Gust Morberg, and H. L. Thompson do not state or show, by way of positive averment or at all, the sale or charge of sale of intoxicating liquors at the time referred to in the affidavit, by this defendant Charles Nolan, and that the affidavits of said Lemar, Morberg, and Thompson nowhere state or show the sale of intoxicating liquor or the violation of any injunctional order by the defendant Charles Nolan, personally. That at the time of the making of the affidavit herein, and upon which this warrant of attachment for contempt as made and sworn to, there was in this court, pending and undisposed of, another attachment based upon the same injunctional order and the same action specified in this warrant, and against the same defendant, Charles Nolan, for the identical contempt as charged herein. 2. That the original action upon this attachment is based, which action was begun under date of June 1, 1909, has, in all things and pursuant to the statutes of North Dakota in such case made and provided, been abated by the payment of the costs herein and the giving of a bond in the sum of $6,000 by the owner of the property, and was abated at the time of the commencement of these proceedings and the injunctional order thereby dissolved. 3. That prior to the issuance of

this said warrant of attachment under date of November 17, 1909, and to wit, on July 19, 1909, an attachment proceeding for contempt against the said defendant Charles Nolan, based upon the same action in equity, begun in said court under date of June 1, 1909, and involving the same property and the same injunction, the same defendant and the same violation, was issued and begun against this defendant; and the contempt in this proceeding charged is the same contempt as charged in the same case as was charged in the proceeding begun on July 19, 1909, and in this court such proceedings were had upon the said warrant of attachment for contempt issued under date of July 19, 1909; that the said proceedings were dismissed under date of November 11, 1909, and the said defendant Charles Nolan was in all things discharged, and his bond heretofore given was vacated and annulled, and said defendant and his sureties absolved from all liabilities thereunder. 4. That the said attachment proceedings and the action upon which the same are based has, in all things, been abated by operation of the law. 5. That the court has no jurisdiction to proceed herein. 6. That the Honorable W. C. Crawford, judge of the tenth judicial district, is in no manner disqualified to hear and determine the proceeding herein, and this defendant has in no manner and does not now demand or request another judge to try the case. 7. That the affidavits on which the warrant was issued did not, and do not, state facts sufficient to confer jurisdiction in this court or to charge the defendant guilty of contempt in said action, and that the said affidavits are not made or sworn to within the state of North Dakota, and the said affidavits fail to state or clearly show the offenses to have been committed." This motion was based upon all the records and files in said case. On the 5th day of February, 1913, the Honorable Frank E. Fisk denied said motion. His order denying the same being as follows: "The above-entitled action is an action for criminal contempt brought by the state of North Dakota against the above-named defendant, charging him with having violated an injunction duly served upon him. Defendant herein having moved the court to dismiss the action upon the grounds that said contempt proceedings were not instituted until after the abatement of the case in which the said injunction was duly issued, and the matter having been submitted to the court and the court been fully advised therein, now therefore it is ordered that said motion be and the same

is hereby denied." On May 15, 1913, pursuant to written request of Honorable W. C. Crawford, the case again came on for trial before Honorable K. E. Leighton, judge of the eighth judicial district, at which time defendant again moved to dismiss the proceedings on practically the same grounds as those denied by Honorable Judge Fisk, but in addition thereto upon the charge that the state had been guilty of laches in bringing said proceeding to trial, and upon a certificate of the Honorable W. C. Crawford, judge of the tenth judicial district, and dated May 13, 1913, which was not considered by the said Judge Fisk, and which was as follows: "The undersigned, W. C. Crawford, judge of the above said court, hereby certifies that during all the year 1909 and continuously since that and now, I have been the judge of said court; that during said year an action in equity under the provisions of the prohibition laws of the state of North Dakota was begun against said defendant Charles Nolan and E. J. Berry, and under date of June 9th of said year an injunctional order in said action was issued; that the main action thus instituted has never been brought to trial by the state; that during said year through his attorneys the defendant Berry, as the owner of the property involved in said action, namely, lot 15 in block 4, city of Dickinson, appeared in said action and made application for the abatement of said action, as appears by the files in such case, and presented to me as such judge a bond pursuant to the statute; that said bond bore date October 1, 1909, and was acknowledged October 11, 1909; that upon said appearance and at the request of the attorneys for the defendants, I designated to the said attorneys the amount of said bonds, and fixed the value of the property and fixed the amount of the attorneys' fees for the plaintiff's attorneys, and then stated to said attorneys and to the clerk of the said court, that upon the presenting said bond and filing same with the said clerk, and upon the payment of the costs in the case, that the said action, being an action in equity, would be abated, and that I would so order. At said time I fixed and designated the value of said property at $6,000, and ordered that the bond should be in said amount, and should, if the clerk approved the sureties thereon, be approved by him. That said bond was signed by E. J. Berry, as principal, and A. T. Crowl and R. E. Fuller, as sureties, and was in the form prescribed by statute." On May 15, 1913, the Honorable K. E. Leighton granted this motion to dismiss

the said contempt proceeding, and based his decision and order upon the records and files in the case, and upon the certificate of the Honorable W. C. Crawford, last referred to.

*F. C. Heffron,* Assistant Attorney General for State of North Dakota, for petitioner.

*L. A. Simpson, W. F. Burnett,* and *H. C. Berry,* of Dickinson, for defendants.

*Andrew Miller,* Attorney General, and *F. C. Heffron,* Assistant Attorney General, for petitioner.

An order of the district court, dismissing proceedings to punish the defendant for statutory criminal contempt, is not appealable. Rev. Codes 1905, § 9374; State ex rel. Morrill v. Massey, 10 N. D. 154, 86 N. W. 225.

Appeals lie only where defendant is found guilty. Rev. Codes 1905, § 7573.

The order not being appealable, and there being no other remedy, the extraordinary and supervising powers of the supreme court may be invoked. State Const. §§ 86, 87; State ex rel. Red River Brick Corp. v. District Ct. — N. D. —, 138 N. W. 988.

Where the district court, by an erroneous construction and decision of some preliminary question of law, or of practice, has dismissed the main action, and refused to go into its merits, mandamus will lie to compel it to proceed with the trial, on its merits. High, Extr. Legal Rem. § 151; Raleigh v. First Judicial Dist. Ct. 24 Mont. 306, 81 Am. St. Rep. 431, 61 Pac. 991; State ex rel. Sorrel v. Foster, 106 La. 428, 31 So. 57; State ex rel. Northern P. R. Co. v. Loud, 24 Mont. 428, 62 Pac. 497; State ex rel. Aldrach v. Morse, 31 Utah, 213, 7 L.R.A. (N.S.) 1127, 87 Pac. 705.

The right to mandamus in such cases is well established. People ex rel. Hamilton v. Barnes, 66 Cal. 594, 6 Pac. 698; Ex parte Bradstreet, 7 Pet. 634, 645, 8 L. ed. 810, 815; Re Parker, 131 U. S. 221, 33 L. ed. 123, 9 Sup. Ct. Rep. 708; State ex rel. Shannon v. Hunter, 3 Wash. 92, 27 Pac. 1076; State ex rel. Keane v. Murphy, 19 Nev. 89, 6 Pac. 840; Kimball v. Morris, 2 Met. 573; Merced Min. Co. v. Fremont, 7 Cal. 130, 7 Mor. Min. Rep. 309; Lindsay v. Wayne County Circuit Judge, 63 Mich. 735, 30 N. W. 590; People ex rel. Robinson v. Swift,

59 Mich. 529; Hoffman v. Allegan Circuit Judge, 150 Mich. 58, 113 N. W. 584; State ex rel. Chism v. Twenty-Sixth Dist. Judge, 34 La. Ann. 1177; People ex rel. Oelricks v. Superior Ct. 5 Wend. 114, 10 Wend. 285; Ex parte State, 115 Ala. 123, 22 So. 115; 2 Spelling, Extr. Relief, §§ 1398, 1404.

The supreme court has and may exercise supervisory powers in such cases. State ex rel. Red River Brick Corp. v. District Ct. — N. D. —, 138 N. W. 988; State ex rel. Sutton v. Dist. Ct. 27 Mont. 128, 69 Pac. 988; State ex rel. Fourth Nat. Bank v. Johnson, 51 L.R.A. 33, note; State ex rel. McGovern v. Williams, 20 L.R.A.(N.S.) 941, note.

The contempt charged in this case is based upon facts declared by statute to constitute contempt, and the district court has not discretion in the matter. Rev. Codes 1905, § 9374.

Even though the action to abate the nuisance, in which an injunction was issued, is dismissed, yet proceedings to punish for a contempt committed while the injunction was in force may still be heard. Gompers v. Buck's Stove & Range Co. 221 U. S. 418–451, 55 L. ed. 797–810, 34 L.R.A.(N.S.) 874, 31 Sup. Ct. Rep. 492; State v. Gilpin, 1 Del. Ch. 25; Vertner v. Martin, 10 Smedes & M. 103; 9 Cyc. 33 M.

The plea of "former jeopardy" does not apply, and would not apply even in a strictly criminal proceeding. 12 Cyc. 261 B.

BRUCE, J. (after stating the facts as above). Article 4, § 86, of the Constitution of North Dakota provides that "the supreme court, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which shall be coextensive with the state, and shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law."

Section 7822 of the Code provides: "The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." Section 9374, which relates to injunctions issued in cases of violation of the liquor laws, among other things, provides: "Any person violating the terms of any injunction granted in such proceedings shall be punished for contempt, for the first offense by a fine of not less than two hundred nor more than one thousand dollars, and by

imprisonment in the county jail not less than ninety days nor more than one year," etc. This latter statute imposes duty upon the district judge in cases of contempt in injunctional proceedings in liquor cases which otherwise might be discretionary. The state of California has a statutory provision in relation to mandamus, which is similar to our own. See Civ. Code Proc. (Cal.) § 1085. In the case of People ex rel. Hamilton v. Barnes, 66 Cal. 594, 6 Pac. 698, it was held that a writ of mandamus lay to compel a justice of the peace to proceed with the preliminary examination of a person regularly charged with having committed a public offense, arrested and brought before him, and that a refusal to proceed with the examination was not justified by the mere statement of the counsel for the defendant that an examination for the same offense had been had before another magistrate, on which the defendant had been held to answer. The court, among other things, said: "The application here is for a writ of mandate, to compel the justice of the peace to proceed with the preliminary examination of Charles W. Finney. This writ may be issued by this court to any inferior tribunal or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station (Civ. Code Proc. § 1085). . . . Peremptory language is used in all these sections [sections relating to preliminary examinations before justices of the peace]. The mandate is expressed by the word 'must.' In § 858, 'the magistrate must immediately inform him of the charge against him,' etc. In § 859, 'he must allow the defendant a reasonable time to send for counsel,' etc. In § 860, 'the magistrate must, immediately after the appearance of counsel, or if, after waiting a reasonable time therefor, none appears, proceed to examine the case.' The duties of the magistrate are pointed out in clear and distinct terms, and especially enjoined by imperative words. It is difficult to employ language more mandatory in its character. As to the further duties of the magistrate, the same imperative words are used. . . . We are of opinion that the magistrate was commanded by the law to proceed with the examination of the case before us, and that on his failure to do so the writ asked for to compel him is appropriate. The magistrate had nothing to do with what had transpired before any other magistrate. It was not a matter for his consideration,—was entirely foreign to his duty in the premises. The discharge of the prisoners was

a failure to perform the duty which the law enjoined upon him." In the case of State ex rel. McGovern v. Williams, 136 Wis. 1, 20 L.R.A. (N.S.) 941, 116 N. W. 225, it was held that "where an inferior court decides a jurisdictional question, or one preliminary to the main controversy submitted to it adversely to its jurisdiction, and refuses further action, such decision, although judicial in character, constitutes, if erroneous, a refusal to perform its duty with respect to the main controversy; and in the absence of other adequate and sufficient remedy," the supreme court can, under the superintending control granted in § 3, art. 7, of the Constitution, review such decision and consider whether or not it was the duty of the inferior court to entertain the controversy, and that performance of its duty by the inferior court in such a case can be compelled by mandamus.

Nor does the fact that a charge of contempt embracing a shorter length of time than that stated in the subsequent charge had been dismissed prior to the institution of the subsequent proceedings in any way preclude a proceeding under the latter. Not merely did the second charge cover a longer period of time, but since the former proceeding was dismissed without any hearing on the merits or plea being filed, there was no former jeopardy, nor could the rule of *res judicata* apply. State v. Gilpin, 1 Del. Ch. 25; Vertner v. Martin, 10 Smedes & M. 103; 9 Cyc. 33 M; 12 Cyc. 261 B; State v. Winbauer, 21 N. D. 161, 129 N. W. 97.

The order of the district court dismissing the proceedings to punish the defendant Charles Nolan for statutory criminal contempt under § 9374 is not appealable, since § 7573 of the Rev. Codes of 1905 only allows appeals in contempt cases where the defendant has been found guilty; and we held in the case of State ex rel. Morrill v. Massey, 10 N. D. 154, 86 N. W. 225, that in the absence of a statute authorizing appeals in criminal contempt cases, no appeal will lie. There was, therefore, no other adequate remedy, and the case is one which clearly comes within the superintending control of the supreme court and one in which mandamus may and should issue. State ex rel. Northern P. R. Co. v. Loud, 24 Mont. 428, 62 Pac. 497; People ex rel. Hamilton v. Barnes, 66 Cal. 594, 6 Pac. 698; Merced Min. Co. v. Fremont, 7 Cal. 130, 7 Mor. Min. Rep. 309; State ex rel. Red River Brick Corp. v. District Ct. — N. D. —, 138 N. W. 988; State ex rel. Sutton v.

District Ct. 27 Mont. 128, 69 Pac. 988. This, of course, is not a case where it is sought by mandamus to control the decision of an inferior court upon the merits of a cause, but merely to proceed with a hearing when it has dismissed and refused to go into the merits of the same on account of an erroneous construction of a question of law and of practice preliminary to the final hearing. In such latter case mandamus will issue. High, Extr. Legal Rem. § 151; Raleigh v. First Judicial Dist. Ct. 24 Mont. 306, 81 Am. St. Rep. 431, 61 Pac. 991; State ex rel. Sorrel v. Foster, 106 La. 428, 31 So. 57; State ex rel. Northern P. R. Co. v. Loud, 24 Mont. 428, 62 Pac. 497; People ex rel. Hamilton v. Barnes, 66 Cal. 594, 6 Pac. 698; Ex parte Parker, 131 U. S. 221, 33 L. ed. 123, 9 Sup. Ct. Rep. 128; State ex rel. Shannon v. Hunter, 3 Wash. 92, 27 Pac. 1076; State ex rel. Keane v. Murphy, 19 Nev. 89, 6 Pac. 840; Merced Min. Co. v. Fremont, 7 Cal. 130, 7 Mor. Min. Rep. 309; Lindsay v. Wayne County Circuit Judge, 63 Mich. 735, 30 N. W. 590; State ex rel. Chism v. Twenty-Sixth Dist. Judge, 34 La. Ann. 1177; Ex parte State, 115 Ala. 123, 22 So. 115; 2 Spelling, Extr. Relief, §§ 1398, 1404; State ex rel. Red River Brick Corp. v. District Ct. — N. D. —, 138 N. W. 988; State ex rel. Fourth Nat. Bank v. Johnson, 103 Wis. 591, 79 N. W. 1081, 51 L.R.A. 33, note; State ex rel. McGovern v. Williams, 136 Wis. 1, 116 N. W. 225, 20 L.R.A. (N.S.) 941, note.

The trial court erred in holding that a dismissal or abatement of the original action in which the injunction was granted (if dismissal there was), abated and disposed of the attachment proceedings for a contempt of court charged to have been committed while the injunction was in force. When once the contempt, if any there was, had been committed, it became a public offense which was separable and distinct from the action in relation to which it might have been committed. See State v. Nathans, 49 S. C. 199, 27 S. E. 52, 55; Gompers v. Buck's Stove & Range Co. 221 U. S. 418, 451, 55 L. ed. 797, 810, 34 L.R.A. (N.S.) 874, 31 Sup. Ct. Rep. 492. So, too, there is no evidence in the record of any such dismissal, but merely of a promise by the court to dismiss the action upon the doing of certain things which it was for the court by a subsequent order to determine had been done. A promise to make an order rendering a certain judgment is not in law the making of such order or the entering of such judgment.

The writ will issue as prayed for.