[No. 1125. Decided November 17, 1893.]

THE STATE OF WASHINGTON, *on the relation of Thomas Hinchey*, v. FRANK ALLYN, *Ex-Superior Judge*.

MANDAMUS — SETTLEMENT OF STATEMENT BY EX-JUDGE.

A judge of the superior court whose term of office has expired cannot be compelled by *mandamus* to settle and certify a statement of facts on appeal, as the act of January 21, 1893, merely authorizes, but does not require, them to act in such cases.

*Original Application for Mandamus.*

*Stephen O'Brien*, for relator.

The opinion of the court was delivered by

STILES, J.— A judge of the superior court whose term of office expired on the second Monday of January, 1893, can-not be required by *mandamus* to settle and certify a state-ment of facts on appeal after the expiration of his term.

The act of January 21, 1893 (Laws, p. 6), does not purport to do more than to authorize the ex-judges to settle and certify; it does not, and could not, require them to do anything.

The application for a writ in this case is, therefore, denied.

DUNBAR, C. J., and HOYT, J., concur.

SCOTT, J., concurs in the result.

ANDERS, J. (*concurring*).—For the reasons stated by me in *Faulconer v. Warner*, 2 Wash. 525 (27 Pac. Rep. 274), I am of the opinion that, prior to the passage of the act of January 21, 1893, it was the duty of a judge whose office had expired to settle statements of facts in cases tried before him. But as I feel bound by the majority opinion in that case, I concur in the disposition of this application on the ground set forth in the foregoing opinion of Judge STILES.