MONTANA ORE PURCHASING CO. ET AL., PLAINTIFFS, *v.* LINDSAY, JUDGE, DEFENDANT.

(No. 1,639.)

(Submitted January 16, 1901. Decided January 28, 1901.)

*Bill of Exceptions—Compelling Judge to Settle and Sign after Term of Office—Statutory Construction—Mandamus—Application.*

1. In those cases where the public or persons possess the right to require that the power conferred in a statute by the word "may" be exercised, the word is imperative and mandatory, being the equivalent of "shall" or "must."
2. Under Code of Civil Procedure, Sec. 1158, which provides that a judge "may" settle and sign a bill of exceptions after he ceases to be a judge, he may be compelled to do so.
3. The duty which the writ of mandate may compel to be performed must be ministerial.
4. *Mandamus* will not lie upon application of the prevailing party to compel a judge to amend,—by incorporating therein particular matters, a bill of exceptions tendered by the defeated party, this being the exercise of a judicial, and not a ministerial duty.
5. The writ of mandate will not be made to serve the office of a supervisory control writ.
6. A settled and certified bill of exceptions imports verity; presumtively, the judge included therein everything that it should contain.
7. It is essential that the party, making application to compel a judge to amend a bill of exceptions, allege and show, not only that the matters set

out in his proposed amendment are material, but also there was no evidence or proceeding, other than that contained in the settled bill and the proposed amendment, which is necessary to explain the exceptions.

PEREMPTORY *mandamus* by the Montana Ore Purchasing Company and others against John Lindsay, as Judge of the Second Judicial District Court of the State of Montana. Motion to quash alternative writ granted, and demurrer to application for peremptory writ sustained.

*Messrs. McHatton & Cotter,* for Plaintiffs.

*Messrs. Forbis & Evans,* for Defendant.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

*Mandamus.* The object of this proceeding is to obtain a peremptory writ commanding John Lindsay, Esquire, late one of the judges of the district court of Silver Bow county, to amend a bill of exceptions settled and signed by him while judge. For the purposes of the present motion and demurrer the allegations of the affidavit filed in support of the application must be taken as true. Succinctly stated the facts are these: In an action between the Boston and Montana Consolidated Copper and Silver Mining Company and the relators or plaintiffs herein, which was pending in the court over which Judge Lindsay presided, an order was made refusing to grant a temporary injunction prayed for by the plaintiff therein. To a proposed bill of exceptions tendered by the plaintiff in that action, the relators herein (in whose favor the order denying an injunction had been made) offered an amendment truly setting out certain material evidence received at the hearing but which was omitted from the bill as proposed. Upon the presentation of the proposed bill and amendment for settlement, Judge Lindsay admitted that the matters recited in the amendment as having been introduced in evidence had been received at the hearing, but nevertheless refused to allow it or permit it to be inserted

in the bill, saying that he did not care to do so.   He settled and signed the bill, the matter sought to be incorporated by the amendment offered nowhere appearing therein.   An alternative writ of mandate was issued on the 4th day of January, 1901, and on the following day was served.   Judge Lindsay's term of office expired with the 6th day of January, 1901, and he is no longer judge.   He moves the quashal of the alternative writ and demurs to the application.

1.   Counsel for the defendant insist that he cannot be compelled to act with reference to a bill of exceptions after his term of office as judge has expired. · Whatever doubt may exist with respect to the question when tested by the rule of the common law, it is quite evident that in this state the statute makes it the duty of the person who as judge tried the cause or rendered the decision, to settle and sign a bill of exceptions after as well as before he ceases to be judge.   Among the provisions of Section 1158 of the Code of Civil Procedure is the following: "A judge or judicial officer may settle and sign a bill of exceptions after as well as before he ceases to be such judge or judicial officer." The duty to settle and sign, when duly requested to do so, a bill which will preserve all the evidence and proceedings, whether in favor of or against either party, necessary to explain the exceptions, is imposed upon him, though he has ceased to be judge.   The authority to settle and sign a bill of exceptions which he might have settled and signed while he was judge continues to exist, and the correlative duty attends and inheres in him until performed.   It is argued that since the respondent is no longer the judge he now holds no office, trust or station, wherefore there is no duty enjoined upon him which can be said to result therefrom; and it is contended that, while the part of section 1158 which has been quoted permits a judge to settle and sign a bill after he ceases to be such officer, it does not enjoin such settlement and signing upon him as a duty.   The cases of *Leach* v. *Aitken,* 91 Cal. 484, 28 Pac. 777, and *State ex rel. Hinchey* v. *Allyn,* 7 Wash. 285, 34 Pac. 914, fully support the position of the defendant.   We shall not follow them,

however, for they seem to be based upon a misconception of the force of the word "may" in the statute quoted. This word is sometimes permissive only; sometimes it is imperative. Legislative intent determines whether it is directory or mandatory. According to its natural and usual signification, the word "may" is enabling and permissive only, and so it must be interpreted where no right of or benefit to the public, nor right of persons other than the one upon whom the permission is conferred, depends upon giving to it the obligatory meaning; but the word is interpreted to mean "shall" or "must" whenever the rights of the public or of third persons depend upon the exercise of the power or performance of the duty to which it refers. In those cases where the public or persons possess the right to require that the power conferred by the word "may" be exercised, the word is imperative and mandatory, being the equivalent of "shall" or "must." (*Blake* v. *Portsmouth & Concord Railroad Co.,* 39 N. H. 435; *Tarver* v. *Commissioners' Court,* 17 Ala. 527; *Regina* v. *Adamson,* 1 Q. B. Div. 201; Sutherland on Statutory Construction, Sec. 462, p. 597; Endlich on Interpretation of Statutes, Sec. 306 *et seq.* And see *First National Bank of Helena* v. *Neill,* 13 Mont. 377, 34 Pac. 180, and *Stackpole* v. *Hallahan,* 16 Mont. 40, 40 Pac. 80.) The provision authorizing judges to settle and sign bills of exceptions after they cease to be judges, continues them in an office or station for the purpose indicated. The provision was enacted for the benefit of third persons and to preserve their rights. Every defeated litigant has under the law the right to have settled and signed in the due and orderly course of procedure his bill of exceptions, and each litigant who prevails has likewise the right to demand that the bill containing the exceptions of his adversary shall embrace every matter essential to the fair presentation of the exceptions relied upon by the defeated party. If the writ of mandate lies at the instance of the prevailing party to compel the judge who is still in office to correct or amend a bill already signed by him, it lies also to compel the judge who tried the cause to correct or amend the bill after he has ceased to hold the office. This brings us to the next question.

2. Does *mandamus* lie upon application of the prevailing party to compel the judge to correct or amend a bill of exceptions tendered by his adversary? We observe, in passing, that Section 1157 of the Code of Civil Procedure has no application to any question arising in this proceeding; nor is section 1158 relevant to the question now under consideration. While in the proper case the writ of mandate may be issued to compel a judge to settle and sign a bill seasonably served and duly presented, the writ will not be issued to compel him to incorporate into the bill particular matters. The questions of what occurred at the trial and what evidence or proceedings are necessary to explain or illustrate the exceptions are judicial in their nature, and are to be finally determined, at least in so far as the remedy by *mandamus* is concerned, by the judge or officer whose duty it is to settle the bill. It is his duty in settling the bill or the statement on motion for a new trial to strike out of it all redundant and useless matter, and to make it truly represent the case, notwithstanding the assent of the parties to the incorporation of such redundant and useless matter or of any inaccurate statement. This common-law duty is recognized and declared in Sections 1153 and 1173 of the Code of Civil Procedure. The writ of mandate may issue to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; it lies to coerce into activity, but not to direct the making of a particular decision or ruling upon a question involving the exercise of discretion or judgment. The duty which the writ may compel to be performed must be ministerial. (*State ex rel. Independent Pub. Co.* v. *Smith, Judge,* 23 Mont. 329, 58 Pac. 867.) The performance here sought to be enforced is of a judicial duty. *Raleigh* v. *District Court,* 24 Mont. 306, 61 Pac. 991, is not inconsistent with the views expressed in this proceeding. *Mandamus* is not the remedy.

We do not decide whether, upon the proper showing, the issuance of a writ of supervisory control would be warranted under the provisions of Section 2 of Article VIII of the Con-

stitution of Montana, as interpreted in *State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395. In the present proceeding an alternative writ of mandate was issued upon an application therefor, and the writ of mandate will not be diverted from its functions and made to serve the office of a supervisory control writ; such is the ruling announced in the case last cited, and now affirmed. The motion to quash will be granted.

3. The defendant contends also that the application for the writ is further insufficient because it does not state that the proposed amendment, when read with the bill, recites all proceedings had upon the hearing which are material to the matter contained in the proposed amendment. The bill which the plaintiffs seek to have corrected was settled and certified. It imports verity. Presumptively the judge in settling the bill included therein everything that it should contain; to rebut this presumption (if in some appropriate proceeding it be rebuttable) it is essential that the plaintiffs allege and show not only that the matters set out in the proposed amendment are material, but also that there was no evidence or proceeding, other than that contained in the settled bill and the proposed amendment, which is necessary to illustrate or explain the exceptions. The demurrer also must be sustained.

The motion to quash the alternative writ of mandate is granted, the demurrer to the application is sustained, and the proceeding is dismissed. Let judgment be entered accordingly.

*Dismissed.*