STATE EX REL. KING ET AL., RELATORS, v. DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 1,547.)

(Submitted February 4, 1901. Decided April 1, 1901.)

*Mandamus—Court's Discretion—Court Rules—Affidavits Not Served with Motion—Consideration.*

1. Under a rule of court requiring that affidavits and papers to be used in support of a motion shall be served on the attorneys of the parties at the time notice of motion is served, it was not error for the court to refuse to consider affidavits of the moving party served two days after the notice and three days before the hearing of a motion, such affidavits not referring to matters coming to the attention of the movants after notice was served.

2. Reasonable rules of the district courts, when made and published, are part of the law of the land so far as procedure in such courts is concerned, and so far as the Supreme Court is concerned in passing upon the action of such courts in relation thereto.

3. *Mandamus* will not apply to a judicial act to correct an error.

4. *Mandamus* will not lie to compel the court to hear a motion for dissolution of an injunction, where the court had dismissed the motion after having its attention called to the pleadings, orders and records in other cases between the same parties, and having determined that the same question had been decided, though the evidence on which its determination was based was unsatisfactory, since *mandamus* cannot be used to control the discretion of an inferior court acting within the scope of its authority.

APPLICATION by the state of Montana, on the relation of Silas F. King and others, for *mandamus* against the Second judicial district court and the judges thereof. Application denied.

*Mr. E. N. Harwood* and *Messrs. McBride & McBride,* for Relators.

It is sufficient answer to the first subdivision of plaintiff's objection, to call the attention of the Court to the fact that the rule which is referred to in said subdivision does not provide a penalty for a failure to serve and file the affidavits with motion. The construction of the rule which would preclude relators from a hearing because one day intervened between the service and filing of their motion and the service and filing of their affidavits, would be very unreasonable. There is nothing in the second subdivision of plaintiff's objection, which is to the effect that the temporary injunction which relators seek to dissolve was "granted after notice." The court's power over its process is not abridged by the fact that it was "granted after notice." By virtue of the constitutional provision creating courts of equity in the state of Montana, they have inherent power to control the process of the court. The district court shall have original jurisdiction in all cases of law and equity. (Constitution, Sec 11, Art. VII.) The power to issue an injunction implies a power to dissolve it, and a court which has issued a preliminary injunction has inherent power to suspend, dissolve or modify it upon attention being called to the impropriety of the order. (Ency. of Pl. & Pr., Vol. 10, page 1027.) Courts of equity have ample power to control the processes of the court, and the use which Maloney *et al.,*

or any other person, may make of such process. (*Van Zandt* v. *Mining Co.,* 48 Fed. 770.)

The third subdivision of plaintiff's objection is not tenable. Relators' motion stated facts sufficient to warrant the court in hearing the same. The sole object of a temporary injunction in cases of this kind is to preserve the subject of controversy, pending the trial of the case upon its merits. (1 High, Injunctions, Secs. 4 to 15; *Bluebird Min. Co.* v. *Murray,* 9 Mont. 468-476; 10 Ency. Pl. & Pr. 878, and cases cited; *Helm* v. *Gilroy,* 26 Pac. 851.) It is a gross abuse of the process of the court for a party to disregard his own injunction, after having, by means thereof, tied the hands of his adversary. (*Van Zandt v. Mining Co.,* 48 Fed. 770; *Haight* v. *Lucia* 36 Wis. 355, 361; *Mowrer* v. *State,* 107 Ind. 539, 543, 8 N. E. 561; 10 Am. & Eng. Ency. Pl. & Prac. 1104; *Silver Peak Mines* v. *Hanchett,* 93 Fed. 76-77.) When a district judge refuses to perform the functions of his office, *mandamus* will lie to compel performance. (Code of Civil Procedure, Sec. 1961.)

*Mr. C. P. Drennan* and *Messrs. McHatton & Cotter,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the Court.

This cause is before this Court upon the petition of the relators for a peremptory writ of *mandamus,* and upon the motion of defendants to quash the alternative writ and to dismiss the action with costs. The motion to quash and the matter of the petition were argued and submitted at the same time. The relators interposed a motion to strike certain parts of the answer and return of the defendants. This motion was not argued by counsel, and it is not necessary to consider the same in this opinion, except to say that in arriving at a determination the parts objected to have not been taken into consideration.

In cause numbered 8,059 in the court below, wherein Maloney *et al.* were defendants, commenced in July, 1899, in Department II of the district court of Silver Bow county, the court granted an injunction *pendente lite* enjoining the defendants from working certain mining property claimed by plaintiffs as their property, and underlying the surface of the Plymouth lode claim.

On April 24, 1900, relators served and filed in said suit a motion to dissolve the injunction, setting out as grounds for said motion "that Maloney *et al.* had abused, and were in the act of abusing, the process of the court, in that they had been, since the issuance of said injunction order, and were then engaged in the commission of acts going to the destruction of the estate, which the order they had procured was intended to preserve." This motion came on for hearing before the district court in Department II on May 7, 1900, when Maloney *et al.* objected to the hearing of the same on the following grounds:

"First. Said court should not entertain or hear said motion, because the affidavits filed in support thereof were not filed with said motion, and copies thereof were not served upon said plaintiffs or their attorneys with said notice, or at the time said notice was served upon them, as required by Rule 3 of this Court.

"Second. Because said restraining order and injunction was granted by the court after notice to the defendants, and upon the order to show cause served on them, and after a full hearing of the same.

"Third. Because at the time said restraining order and injunction was granted the same was granted upon a hearing, and after due and legal notice to the defendants, and that said defendants did not ask for or obtain, at the time or thereafter, any or leave or order of court allowing them the privilege or permitting them thereafter to apply for the dissolution or modification of said order, and the right to do so was not created or reserved in the order granting said injunction and restraining order.

"Fourth. Because defendants' motion does not state any facts or reasons which would justify the court in hearing the same, or which, if shown to exist, would authorize or justify the court in modifying or dissolving said restraining order and injunction.

"Fifth. Because the defendants' motion and the affidavits filed in support thereof are insufficient to justify or warrant the court in entering upon the hearing of said motion, or to authorize or warrant the court to modify or dissolve said injunction and restraining order; and because, if the court should grant said motion, its order granting the same would be an abuse of judicial discretion, and would result in irreparable injury and damage to plaintiffs.

"Sixth. Because the defendants herein heretofore presented and had heard by this court their motion to dissolve said restraining order and injunction, and the court, after a full hearing of the same, made and entered its order refusing to dissolve the same, and the defendants have never obtained any leave to renew the said application, or to again move the court for the dissolution of said restraining order.

"Seventh. Because said motion and the affidavits filed in support thereof are sham, and show upon their faces that the matters and things therein stated and attempted to be charged are immaterial and insufficient to justify the court in entertaining said motion, or in entering upon a hearing of the same, or in making any order with reference to said injunction order. And because since the granting of said injunction order the defendants brought an action in Department No. 1 of this court against the plaintiffs, and applied to the Honorable John Lindsay, judge of said department, for an injunction against these plaintiffs to restrain and enjoin them from doing any of the acts or things mentioned in the complaint in said action, and that in said complaint the matters set forth in the affidavits and motions filed herein are stated; and that said matter came on before said court, the Honorable John Lindsay presiding, upon the application of these plaintiffs therein to dissolve the

restraining order theretofore issued in said action against them, and for an order of the court refusing the application of the plaintiffs therein for an injunction; and that the various matters complained of in the motion herein and stated in the affidavits filed in support thereof were presented at said time by the plaintiffs in said action; and that said court, through said judge, after a hearing upon the same, dissolved said restraining order issued in said action, and refused to grant the plaintiffs therein an injunction against these defendants. And because, after the granting of the injunction order herein, the defendants herein brought an action against these plaintiffs and others in this department of the court, and sought to obtain an injunction against them preventing them from breaking or removing any rock or ore or mineral, or carrying away any ores or mineral from the ground and vein in controversy herein; and a full and complete hearing was had therein upon the testimony and evidence submitted by the respective parties, and 'after said hearing the court dissolved the restraining order theretofore issued therein, and entered its order refusing to grant to the plaintiffs therein an injunction. And because, by reason of the hearing had before this court in which the restraining order herein was granted, and of the said motion in Department 1 and the hearing had therein before the Honorable John Lindsay, judge thereof, and because of the hearing had and the orders made in the action brought by the defendants against these plaintiffs above referred to, and being cause No. 8,213 of the files of this court, the matters complained of in the motion herein, and all of the things stated or attempted to be set forth in the affidavits in support thereof, have been determined by the orders of this court against the defendants, and the same are *res adjudicata.*" The court sustained the objection, and made its order dismissing the motion to dissolve the injunction.

On October 20, 1899, said King *et al.* commenced an action numbered 8,213 in the same department, against said Maloney *et al.,* praying that defendants be, among other things, en-

joined from entering or working the mining property in dispute, in which cause the court issued an order to show cause and a restraining order pending the hearing. On February 3, 1900, the court denied plaintiffs' application for an injunction *pendente lite,* and dissolved its restraining order. In this cause the complainants, King *et al.,* alleged that defendants had entered upon the disputed property, and were extracting a large quantity of valuable ore therefrom, and threatening to continue to do so. On February 15, 1900, said King *et al.* commenced in Department 1 of said district court their action numbered 8,418, against Maloney *et al.,* praying, among other things, that the defendants be enjoined from entering or working the mining property in question. The judge of the said department dismissed the said cause for want of jurisdiction, the principal reason given being that it was apparent from the pleadings that the principal cause of action stated was identical with that of suit numbered 8,213, and it and the other matters set up in said suit were such as could have been presented for adjudication in the former action by supplemental or amended pleadings; and therefore the court held it to be incumbent upon it to dismiss the cause, the other department having acquired and taken jurisdiction.

In the complaint in cause No. 8,418 it is alleged that Maloney *et al.* had entered upon and were working the mining property in controversy, and were extracting valuable ores, and filling up the plaintiffs' drifts and tunnels, and destroying the workings and developments showing the identity and continuity of the vein.

Upon the hearing of May 7, 1900, of the motion to dissolve the injunction in cause No. 8,059, the court, considering the objections of the plaintiffs in said cause, made an order dismissing the motion to dissolve, recited in its minutes as follows: "This day motion to dissolve injunction comes regularly on for hearing, Esq. John J. McHatton appearing on behalf of plaintiffs, and defendants are represented by Esqs. F. T. McBride and E. N. Harwood; whereupon counsel for

plaintiffs objects to the hearing of motion to dissolve injunction for the reason that it is *res adjudicata.* Evidence is adduced upon said objection, and arguments heard, and the objection by the court sustained, and motion is thereupon by the court dismissed; to which ruling defendants duly except."

Defendants moved to quash the alternative writ. The court thereupon ordered them to answer, and issues to be made, reserving all questions presented until final hearing. At the hearing evidence was taken, and the cause submitted.

Judge Clancy, answering, avers that upon the hearing on the objections the objectors offered the pleadings, orders and records in cases 8,059, 8,213 and 8,418, saying also: "There was also in evidence in support of said objections the testimony taken upon the hearing of said order to show cause, and the minute entries of the court showing said hearing, and the order of the court, made on February 3, 1900, overruling the application for an injunction therein and dissolving the restraining order theretofore issued in said cause." This quotation refers to cause numbered 8,213, wherein, as heretofore stated, the relators, as plaintiffs, set up that said Maloney *et al.,* defendants, were engaged in working the property in dispute, and extracting valuable ores therefrom, belonging to the plaintiffs. It appears that the court did not consider the affidavits accompanying the motion. The testimony of Mr. J. J. McHatton, counsel for the defendants herein, is somewhat in conflict with the return of the district judge, in that it declares that the testimony taken in the several causes referred to was not actually introduced, but that the attention of the judge was directed to the same, and that counsel was informed by the judge on the hearing that it was not necessary to actually produce the transcript of such evidence before him, as he would take notice of it.

We are, in effect, asked to declare that the court did not take up and consider and determine the motion; that the court's record of its order is false, and that the verified answer of the judge is also false in some particulars; to vacate the said order,

and to issue a mandate directing the court and its judge "to forthwith hear relators' said motion for the dissolution of the said injunction order issued May 5, 1899," made in said cause numbered 8,059.

It appears from the evidence submitted in this Court, from the petition and the briefs, that at the time of the hearing of the objections there was no objection to the consideration by the lower court of the question as to whether or not the motion was *res adjudicata,* as declared in the objections.

The court, under its rule, was at liberty, on the objections, to entirely disregard the proofs in the form of affidavits accompanying the motion to dissolve; and it appears that it did so, they not having been served and filed with the motion, but served and filed two days after service of notice of motion, and three days before the day noticed for hearing.

The hearing of the motion to dissolve had been continued on the court's own motion. The plaintiffs in the cause in which the motion was filed had the right to rely on the court's rule, and to invoke the same, as they did, in their objections filed on the day that said motion was noticed to be heard. Their right to have said affidavits disregarded by the court accrued on the same day, and they evidently relied upon the court's rule, and did not offer any counter affidavits. The court's rule is a reasonable and a just one, and we cannot say that the court erred in disregarding the affidavits, as they were not filed or served contemporaneously with the motion, as required by the said rule, and did not refer to matters coming to the attention of the movers after notice was served. Reasonable rules of court are by law permitted to be made and adopted, and, when made and published, are part of the law of the land, so far as procedure in the court where they are made and published is concerned, and so far as this court is concerned in passing upon the action of such courts in relation thereto. In this connection we pause to say that we disapprove of the decision of the Supreme Court in the case of *Stevenson* v. *Cadwell,* 14 Montana 313, 36 Pac. 185, as we do not believe that it is

error to apply rules of court if their application has been invoked by parties to an action who had a right to invoke the same.

The contention of the relators is that the court below erred in finding that the matter was *res adjudicata*. They declare that the court did not have before it actually the evidence averred by the respondent judge to have been introduced, and they deny that the matter was *res adjudicata*.

"Superior tribunals may, by *mandamus,* command an inferior court to perform a legal duty where there is no other remedy, and the rule applies to judicial as well as to ministerial acts, but it does not apply at all to a judicial act to correct an error,—as where the act has been erroneously performed." (Mr. Justice Clifford, in *Ex parte Newman,* 14 Wall. 169, 20 L. Ed. 880.) If the duty is unperformed, and it be judicial in its character, the mandate will be to the judge, directing him to exercise his judicial discretion or judgment, without any direction as to the manner in which it shall be performed. The writ must not be extended too far, or used to control the discretion of an inferior court acting within the scope of its authority. (*Ex parte Newman,* 14 Wall. 169, 20 L. Ed. 880; *Ex parte Denver & Rio Grande Ry. Co.,* 101 U. S. 711, 25 L. Ed. 875; *Ex parte Many,* 14 How. 24, 14 L. Ed. 311; *People* v. *Arapahoe Co. Dist. Ct.,* 14 Colo. 396, 24 Pac. 260; *State ex rel. Independent Pub. Co.* v. *Smith,* 23 Mont. 329, 58 Pac. 867; *State ex rel. Northern Pac. Ry. Co.* v. *Loud,* 24 Mont. 428, 62 Pac. 497; *Montana Ore Purchasing Co.* v. *Lindsay,* 25 Mont. 24, 63 Pac. 715.) We do not consider that this is a matter wherein the court has erred in the consideration of some question of law or of practice preliminary to the whole question, or any part thereof, but a simple question of whether or not the court, having taken up and considered—on perhaps insufficient evidence—the question whether or not the matter was *res adjudicata,* erred in its ruling. If it were a question simply of the court's having erred in a conclusion of law or on a question of practice, presented as a preliminary objection,

and because of such error no consideration had been given to the motion to dissolve, *mandamus* would lie (*Raleigh* v. *First Judicial Dist. Court,* 24 Mont. 306, 61 Pac. 993) ; but in the case at bar we are of opinion that *mandamus* is not within the power of this Court to grant.

It appears that at the time of the hearing on said objections it was admitted and understood by the court and all the parties that the property in dispute was the same property mentioned in said causes numbered 8,059, 8,213 and 8,418.

The relators, upon the hearing on said objections, and upon the question of *res adjudicata,* then considered, did not offer any testimony outside of said affidavits to which objection was made under said rule.

Did the court err in its finding that the matter was *res adjudicata?* If so, *mandamus* will not apply to a judicial act to correct an error. If evidence was considered, and on it the court acted, *mandamus* will not lie to reverse its decision, and to coerce it into finding otherwise. It is apparent from the evidence before this Court and from the answer of the district judge that the court, having had its attention directed to the pleadings, orders and records in the cases numbered 8,059, 8,213 and 8,418, and having been asked to notice the evidence in the two cases in which testimony had been taken, and to which its attention was specifically directed then and there, although the evidence was not produced before the court in the actual form of a transcript, concluded, after consideration thereof and of the subject-matter of the motion and said objections, that it had already once heard and determined the question of the alleged abuse of its injunction by the parties who had sued out the same.

We cannot, under the circumstances of this case, hold that the court has refused to consider and determine said motion. The motion was considered on the objections, although perhaps erroneously decided to be *res adjudicata,* and we cannot, by *mandamus,* order the court to set aside the objections, and to reconsider the motion, to the end that it may be forced to have more or better evidence than it did on the said hearing.

The alternative writ is quashed, and the petition for a peremptory writ is denied.

*Mandamus denied.*

MR. CHIEF JUSTICE BRANTLY: I concur in the result reached by Mr. Justice Milburn in the foregoing opinion, but do so on the ground that the district court was justified in refusing to hear the motion to dissolve the injunction because the relators had disregarded the rule of the district court requiring the affidavits to be filed and served with the notice of motion. Objection was made by the plaintiffs in No. 8,059 on this ground at their earliest opportunity, and the only proper course for the court to pursue under the circumstances was to enforce the rule by refusing to hear the motion on this ground. It was, therefore, unnecessary to proceed to a hearing of the evidence upon the question whether the matter presented by the motion was in fact *res adjudicata.* Without expressing an opinion as to the correctness of Mr. Justice Milburn's conclusions on this branch of the case, I do not think a consideration of the question involved at all necessary to a decision.

MR. JUSTICE PIGOTT: I concur in the conclusion announced by Mr. Justice Milburn to the effect that the alternative writ should be set aside, and judgment entered dismissing the proceeding.