## STATE EX REL. SERES, *v*. DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT.

[Submitted May 4, 1897. Decided May 10, 1897.]

*Mandamus to Try Cause—Right of Appeal, on Refusal of Medical Certificate.*

The laws of Montana provide for the examination of all persons desiring to practice medicine,—the examination to be held before the medical examiners. It is further provided that where a certificate is refused, the person aggrieved may appeal to the district court, and that such appeals shall be conducted as appeals from a decision of a board of county commissioners, which, it is further provided, "are prosecuted and tried like appeals from a justice of the peace." The law also provides that appeals from a justice's court are tried *de novo*. *Held*, that an applicant who has been refused a certificate, has a right to appeal to the district court, and on such appeal is entitled to a trial *de novo*.
BUCK, J., dissenting.

APPLICATION of state of Montana, on the relation of J. R. Seres, for mandamus against district court of the First judicial district of the state of Montana in and for the county of Lewis and Clarke. Writ awarded.

Statement of the case by the justice delivering the opinion.

This is an application for a writ of mandamus. The petitioner alleges that he is a regular graduate of an accredited college of medicine; that he attended at least four courses of lectures at said college, of six months each; that on the first Tuesday of October, 1896, petitioner was an applicant to the board of medical examiners for a certificate entitling him to practice medicine and surgery in the state of Montana; that a meeting of said board was held in Helena on the day aforesaid; that at said meeting the petitioner presented his diploma from said medical college, evincing his graduation; that said diploma was found by the said board of examiners to be genuine, and issued by a regular medical college, legally organized and in good standing; that he thereupon submitted to an examination in the various branches prescribed by law and the said board of examiners, and filed with the said board his examination papers, written upon the questions by the said board propounded in the said various branches; that thereupon said board denied the petitioner's application for a certificate to practice medicine and surgery in the state of Montana upon the ground that said examination papers showed that the petitioner had not the requisite learning to entitle him to such certificate; that, after being notified by said board of its determination not to grant this petitioner such certificate, he within 30 days duly appealed from the decision of the said board of medical examiners to the district court of the First judicial district of the state of Montana in and for the county of Lewis and Clarke; and that, after said appeal was duly taken to the district court, the said district court on the motion of the county attorney of the said county, and the attorney general of the state, dismissed the petitioner's appeal, upon the ground that the said court had no jurisdiction to try and determine the same. The petitioner asks for a writ of mandate in this proceeding, commanding the district court to reinstate his appeal and to proceed to the hearing and determination thereof.

On the return of the writ, the attorney general, for the said

district court, demurred to the petition for the reasons—First, that said petition does not state facts sufficient to entitle said petitioner to the relief prayed for; and, second, that said petition shows affirmatively that the action of the medical board in refusing to issue a certificate for the cause specified was final, and not subject to review by any appellate tribunal, and that said defendant (district court), in dismissing said petition, acted correctly and within its jurisdiction, in that no appeal lay from the action of the board to said defendant.

*T. J. Walsh,* for Relator.

*C. B. Nolan,* Attorney General, for Defendant.

PEMBERTON, C. J.—The only question presented here is this : Does the statute allow an appeal to an applicant who has been refused a certificate by the medical board authorizing him to practice medicine and surgery in this state on the ground that the applicant's examination papers show that he has not the requisite learning to entitle him to such certificate ?

Counsel for the defendant, the attorney general, contends that the right of appeal exists only when the certificate is refused or revoked by the board for unprofessional, dishonorable or immoral conduct, and that no appeal lies from the refusal of the board to issue a certificate on the ground of the incompetency of the applicant.

That part of section 603 of the Political Code, which provides for appeals from the action of the medical board is as follows :

"In all cases of the refusal or revocation of a certificate to practice medicine by the said board, the person aggrieved thereby may appeal from the decision of the board to the district court of the county in which such revocation or refusal was made."

Counsel for defendant contends that this provision only gives the right of appeal where the certificate is refused or revoked by the board for unprofessional, dishonorable or im-

moral conduct, and that *State* v. *District Court of First Judicial District*, 13 Mont. 370, 34 Pac. 298, in which this court discussed the right of appeal from the action of the medical board, does not go to the extent of deciding that an appeal lies in cases like the one at bar.

But, in examining our statute, we find no language that restricts the right of appeal to any particular class of cases. The terms of the statute are general, and give the right of appeal "in all cases of the refusal or revocation of a certificate to practice medicine by the said board." A number of the states have statutes like ours, but we are not referred to any decision of any of the states where the precise question here involved has been adjudicated and determined. The law provides that appeals in such cases shall be conducted like appeals from a decision of a board of county commissioners disallowing a claim. (Political Code, § 603.) Appeals from actions of boards of county commissioners are prosecuted and tried like appeals from a justice of the peace. (*Id.* § 4289.) Appeals from a justice court are tried *de novo.*

It is said by the counsel for the defendant that a trial of this case *de novo* in the district court would be impracticable, if not impossible; that the court or jury could not try and determine the question of petitioner's competency to practice medicine. It is further insisted that the law does not provide any procedure by which the district court could properly try and determine this question.

In *State* v. *District Court of First Judicial District, supra,* this court held that the right of appeal was not rendered nugatory because the law did not prescribe rules to guide the district court in trying such appeal. This was when there were no proceedings or rules prescribed by law for appeals in such cases. The present statutes do prescribe the manner of appeal, and, if the proceedings prescribed by the statute are inefficient, under the provision of section 205 of the Code of Civil Procedure, "any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the code." Awkward, difficult, and unsatisfactory

as a trial of this case in the district court might, and doubtless would, be, we are of the opinion that the learned district judge would be able to devise ways and means not incompatible with the code for disposing of the case.

Impolitic and unwise as this law may be, still, if the legislature has given the petitioner the right of appeal in this case, we have neither the right nor disposition to deprive him of its exercise by any unauthorized construction of the statute or by any apparent judicial legislation. Unless we construe or legislate something very material into the statute not placed there by the legislature, we think the petitioner, under the law, which is broad and general in its terms, is entitled to prosecute his appeal in this case.

Whether or not such laws are wise or unwise, politic or impolitic, are questions for the legislative branch of the government, and we have no right or inclination to invade that domain.

The order of the district court dismissing the appeal in this case is reversed, and a peremptory writ of mandate is ordered to issue, directing that the district court reinstate said appeal and proceed to the trial of the cause.

*Reversed.*

BUCK, J., dissents.

HUNT, J.—I concur in the conclusion reached by the chief justice. It will be observed, by section 602 of the medical law (Political Code), that after examination of a candidate's qualifications upon the subjects and in the manner prescribed, the medical board ''shall, if the candidate has been found qualified, grant a certificate to such candidate to practice medicine and surgery in the state of Montana,'' etc. It naturally follows that, if they must grant one to a candidate who is qualified, by withholding one from a candidate who is found to be disqualified their action is equivalent to refusing to grant a certificate. It is a positive rejection.

The board is required to keep a record of all its proceedings, and also a register of all applicants for certificates,

showing certain facts, and this register must further show whether such applicant has been rejected under the law. (Pol. Code, § 601). To pass or reject a candidate alike requires the action of a quorum of the board,—four members. Without such a quorum, no board action can be had upon any candidate's examination papers or answers. The ascertainment of a candidate's incompetency is by the law just as positive an act, and demands just as much formality of antecedent proceeding, as does reaching the conclusion of his competency. In either case the board makes a finding of record. The fact that in one instance the result of the finding is rejection makes the action taken none the less an expressed refusal to grant a certificate than does their determination to pass a candidate make such action the expression of their intention to grant him a certificate.

I, therefore, think that relator's attitude is that of a candidate who, by having been rejected as disqualified, has been refused a certificate to practice medicine, and that the board's position is that of having made the decision of refusal. If this is so, he may appeal.

Section 603, in the first part thereof, pertains to the refusal to grant a certificate for unprofessional, dishonorable, or immoral conduct. All such powers vested in the board are in addition to those previously granted to pass or reject applicants. But the latter portion of section 603 preserves a general right of appeal to the person aggrieved in all cases of the refusal of a certificate to practice medicine. Were it not for the fact that this provision for an appeal ''in all cases'' of refusal is found in the latter part of the section, which in its previous provisions gives powers of refusal to issue certificates, or to revoke them for immoral, dishonorable, or unprofessional conduct, I apprehend there would be no serious question of the right to appeal in this instance; nor do I believe, in such an event, it could be contended that the words ''in all cases'' were limited by the context of any single section of the act.

It not infrequently happens that clauses of a law which are

in themselves clearly general in their pertinency and significance creep into the body of some particular section of the act, and thus provoke argument as to their intended place and use. Such things often happen by the legislature tacking on amendments to provisions in original bills introduced, or by careless engrossment or enrollment of bills passed by such bodies, or by mistake in compilation of the law for publication; but, if the words are explicit, or, even if they are not, if the intention of the law may be fairly gathered from the context, it is a court's duty to collect that intention.

To give the expression of the words of the particular clause extending the right of appeal to all cases of a refusal of a certificate to the aggrieved person their full and general significance, and to construe the clause which is remedial liberally, and withal to harmonize the provision with the whole statute, in my judgment, it is necessary to interpret them as applying generally to every case where the board refuses to grant a certificate by rejection for incompetency, as well as where they find immoral or unprofessional conduct.

The perplexities to possibly result from this construction are not so serious as counsel seem to think they may be. A similar right of appeal is given by statutes of many states, except that the appellate power lies in the governor instead of the court. But that is a matter of legislative will. Judges often have to pass upon equally difficult questions, involving study and knowledge of abstruse sciences; for the law, in its comprehensiveness, includes every branch of learning. When these difficult problems arise, however, courts are permitted to call to their aid those who are most proficient and experienced in the especial fields of knowledge being traversed, and to receive aid from expert witnesses by which they can be led to righteous judgments in the litigious affairs of men. Moreover, as a general proposition, a court will be slow to reach a conclusion different from the finding of the state medical board as to an applicant's competency to practice medicine, where satisfactory evidence sustaining the board's opinion is presented, and where no willful wrong or prejudice is charged

against the board or any of its members by the rejected candidate. It is probable, too, that appeals of this kind will be very rare; for a candidate who has been found disqualified for lack of requisite learning will generally choose to perfect himself, and try again by the usual method, rather than to incur the vexations and anxieties incident to an appeal to a court, which, after all, will have to be governed by medical men's. opinions.

But, as the statute, in my judgment, has given the right of appeal to relator, if he wishes to use it and properly invokes it, the same power that has bestowed it—the legislature—is the only one that can deprive him of its exercise. I, therefore, must agree to the order reversing the case.