POTTER, APPELLANT, *v.* FURNISH ET AL., RESPONDENTS.

(No. 3,266.)

(Submitted November 25, 1912.   Decided November 30, 1912.)

[128 Pac. 542.]

*Elections—Invalidity—Showing Necessary—Constitutionality of*
*Statute—Review—Rule.*

Elections—Invalidity—Showing Necessary.
    1.   After an election has been held, it may not be challenged unless
it can be shown that a different result would have been reached but for
the conditions of which complaint is made.

Same—Different Result—Insufficient Showing.
    2.   *Held,* under the rule declared in paragraph 1 above, that where
the agreed statement upon which was submitted the question of the
alleged invalidity of a special county election (in February, 1912), at-
tacked on the ground that section 33, Chapter 113, Laws of 1911, requir-
ing at such election the use of the registration books used at the last
preceding general election (in November, 1910), was unconstitutional, in
that their use denied to persons who had since said general election be-
come qualified electors and to women, otherwise qualified, the right to
participate in such election, failed to disclose that the number of such
persons was sufficient to change the result of the election, judgment
in favor of defendant county was proper.

Same—Validity—Who may not Question.
    3.   Plaintiff, who did not claim to have himself been one of those
who had been denied the right to vote at a special election, through
the operation of an alleged unconstitutional statute, was not injured
thereby, and therefore not in a position to call in question the validity
of the statute.

Statutes—Constitutionality—Determination—Rule.
    4.   The question of the constitutionality of a statute will not be deter-
mined unless it is directly raised and its determination is necessary
to a disposition of the case.

*Appeal from District Court, Custer County; Sydney Sanner,*
*Judge.*

ACTION by H. G. Potter against R. T. Furnish and others, as
the board of county commissioners of Custer County, to enjoin
three bond issues aggregating $170,000, to secure funds for the
construction of bridges.   From a judgment for defendants,
plaintiff appeals.   Affirmed.

*Messrs. Loud, Campbell & Wood,* for Appellant, submitted a
brief.

We contend that section 33 of Chapter 113, Laws of 1911, as
well as section 491, Revised Codes, are unconstitutional, as being

in violation of the provisions of sections 2 and 12 of Article IX, and section 5 of Article III of the state Constitution. The Constitution authorizes the legislative assembly to pass registration laws, and the legislature, acting under such authority, has enacted such laws, among the provisions of which are the particular sections in question. In the passage of such laws the legislature is charged with the duty of making them reasonable, so that in practice no considerable number of persons may be disfranchised thereby. (10 Am. & Eng. Ency. of Law, 2d ed., 580; *State* v. *Corner*, 22 Neb. 265, 3 Am. St. Rep. 267, 34 N. W. 499.) The court in the case of *Spier* v. *Baker*, 120 Cal. 370, 41 L. R. A. 196, 52 Pac. 662, in speaking of the exercise of this power, said: "The legislature has the power to pass laws looking to the proper and reasonable regulation of the exercise of the right of free suffrage, and when that has been done its power has been exhausted." This case is an authority holding that a law of California containing provisions similar to those herein attacked is unconstitutional and void.

We also urge that the court was in error in holding that respondents made no mistake in failing to provide for the registration and voting of persons whose electoral rights matured or came into being since the last general election of 1910. When the authorities, upon whom is imposed the duty of calling an election, have acted in such a manner as not to give all the electors an opportunity to participate, and their action accomplished the disfranchisement of a number of electors, then this action would, on general principles, render the election null and void. (Cooley on Constitutional Limitations, 7th ed., 926, 927.)

Section 5 of Article III of the Constitution provides that: "All elections shall be free and open, and no power, civil or military shall at any time interfere to prevent the free exercise of the right of suffrage." This constitutional provision makes it unlawful to prevent qualified voters from voting either by impartial legislation, by violence or intimidation, by fraud, or by failure to furnish sufficient facilities to allow all qualified electors to vote. (10 Am. & Eng. Ency. of Law, 2d ed., 583.) This section does not prevent the regulation of the right to vote

by means of registration, provided the regulations are reasonable.

Inasmuch as this bond issue affects the property rights of every woman who is a taxpayer of the county, provision should have been made whereby women taxpayers could have registered and voted at this special election. The two sections of our laws under discussion deny to women taxpayers the right guaranteed to them by section 12 of Article IX of the Constitution.

We are aware of the fact that this court in a recent case has held that where qualified voters were prevented from voting at a special county election to determine whether bonds should be issued, the exclusion of those voters does not render the election invalid, when it could not have changed the result. (*Reid* v. *Lincoln County,* 46 Mont. 31, 125 Pac. 429.) In this case the court also apparently considered the question of the constitutionality of section 491 of the Revised Codes. However, the constitutionality of section 33, *supra,* was not considered or decided in the opinion.

We respectfully submit that under the facts and circumstances as they appear in this case the sections mentioned above do not come within the rule of reasonable regulation of the right of suffrage, and they should be held to be unconstitutional and void. It therefore follows that the election, having been called and held under and by virtue of such provisions, is invalid and void, and furnishes no legal authority for the bond issue in question.

No appearance on behalf of Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by H. G. Potter, a resident, freeholder and taxpayer within the county of Custer, state of Montana, against the board of county commissioners and the county clerk and recorder of Custer county, for the purpose of enjoining the commissioners from disposing of three issues of bonds aggregating $170,000, for the purpose of securing funds for building three steel wagon bridges in that county. The bonds

were authorized by a vote of the electors expressed at a special election held on the 20th day of February, 1912. The cause was submitted to the trial court upon an agreed statement of facts, and from a judgment in favor of the defendants the plaintiff appealed.

With one exception every question presented was determined adversely to appellant by this court in *Reid* v. *Lincoln County,* 46 Mont. 31, 125 Pac. 429. We are satisfied with our conclusions in that case, and further consideration of the questions there decided need not be had.

In the brief of counsel for appellant there is urged upon us the contention that section 33 of Chapter 113, Laws of 1911, is unconstitutional. That section provides: "At any special election held for any purpose in any county, copy of the official register and check list which were printed or written before and used at the last preceding general election, must be used and no new registration need be made." It is insisted that this section violates sections 2 and 12 of Article IX of our state Constitution, which define the qualifications of electors, and in support of this view *Spier* v. *Baker,* 120 Cal. 370, 41 L. R. A. 196, 52 Pac. 659, is cited and relied upon.

If this attack had been made prior to the election, or if it appeared that electors who were opposed to these bond issues, or any of them, in numbers sufficient to change the result, had been denied the right to vote by reason of the operation of section 33 above, a question of importance would be presented; but it is a rule of well-nigh uniform recognition that after an election [1] has been held, a party will not be permitted to challenge it unless he can show that a different result would have been reached but for the conditions of which he complains.

It may be that women who were taxpayers and who possessed [2] the qualifications required of men for the right of suffrage, or foreign-born citizens who were naturalized between November, 1910, and the date of this special election, or electors who established residence in this state during that period, or others who possessed the qualifications mentioned in section 2 of Article IX of the Constitution above, were denied the right to partici-

pate in this special election; but if so, this record fails to reveal the fact, and much more, this record fails to disclose that if there were such qualified electors denied the right to vote, the number was sufficient to change the result, even assuming that all such would have voted against some or all of the propositions submitted at this election.    The plaintiff does not assert that he was denied the right to vote, and under these circumstances he fails **[3]** to show that he has been injured, and, therefore, is not in a position to raise the question of the validity of the statute. (*State ex rel. Holliday* v. *O'Leary,* 43 Mont. 157, 115 Pac. 204; *Spratt* v. *Helena Power Trans. Co.,* 37 Mont. 60, 94 Pac. 631.) It is a general rule applied by the courts that the question of **[4]** the constitutionality of a statute will not be determined unless it is directly raised and its determination is necessary to a disposition of the case.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.