STATE EX REL. MARSHALL ET AL., RELATORS, *v.* DISTRICT
COURT ET AL., RESPONDENTS.

(No. 3,608.)

(Submitted January 15, 1915.   Decided February 16, 1915.)

[146 Pac. 743.]

*Prohibition — Remedy by Appeal — Mandamus — Discretion —
Nurses—Regulation of Business—Power of State—Due Pro-
cess of Law—Administrative Agencies—Appeal Procedure.*

Prohibition—Remedy by Appeal—"Speedy and Adequate."
    1.   Where immediate injury or mischief might follow an attempt to
    exercise the right of appeal in a proceeding in which the district court,
    in alleged excess of jurisdiction, is about to enter a decree awarding
    a peremptory writ of mandate, the remedy is neither so speedy nor ade-
    quate as to bar the granting of a writ of prohibition under section
    7228, Revised Codes.
        [As to when the writ of prohibition lies, see notes in 12 Am. Dec.
    604; 18 Am. Dec. 238; 111 Am. St. Rep. 929.]

Mandamus—Nurses—Board of Examiners—Discretion.
    2.   The duty imposed by Chapter 50, Laws of 1913, upon the State
    Board of Examiners for Nurses to examine persons who seek registra-
    tion as professional nurses and judge of their qualifications, is *quasi*
    judicial, and its performance in any particular way cannot, therefore,
    be compelled by *mandamus.* Where, however, its discretion has been
    abused or arbitrarily or capriciously exercised, the writ does lie to com-
    pel a proper exercise of the powers granted.
        [*Mandamus* to compel performance of a public duty at instance of
    private person, see note in 7 Am. St. Rep. 484.]

Same—Extent of Relief—Prayer.
    3.   Where a petitioner for a writ of mandate prays for something he
    is not entitled to, the court may nevertheless grant whatever mandatory
    writ might be appropriate under the petition and the proof.

Same—Registration of Nurses—Regulation of Profession—Due Process of
Law.
    4.   *Held,* that Chapter 50, Laws of 1913, requiring registration of pro-
    fessional nurses, is not unconstitutional as depriving, without due
    process of law, nurses not registered of the right to follow a lawful
    business or calling, since the Act expressly provides that it does not
    apply to gratuitous nursing nor to any person nursing for hire who
    does not pretend to have special training and to be a registered nurse.

Same—"Due Process of Law."
    5.   By "due process of law" is not meant necessarily judicial process.
        [As to what is due process of law, see notes in 24 Am. Dec. 538; 20
    Am. St. Rep. 554.]

Same—Regulation of Profession—Administrative Agencies.
    6.   The process of administration of the provisions of an Act regulat-
    ing a profession or calling may be committed to any agency the legis-
    lature chooses to select, *i. e.,* to individuals, corporations or voluntary

associations; hence the fact that the State Association of Graduated Nurses, to.which an appeal may be taken from the decision of the State Board of Nurse Examiners refusing to recommend registration, is a voluntary association does not render that section objectionable.

Same—Regulation of Profession—Appeal Procedure.

　　7.　In the absence of provisions prescribing the procedure on appeal from a decision of the State Board of Examiners for Nurses, Chapter 50, *supra,* implies such orderly procedure as will enable the appellate body to fairly determine the right of appellant to registration.

Original application for a writ of prohibition by the State, on the relation of Lucy A. Marshall, M. M. Hughes and others, as the Montana State Board of Examiners for Nurses, against the District Court of the Thirteenth Judicial District in and for the County of Yellowstone, and George W. Pierson, a Judge thereof.　Writ issued.

*Mr. D. M. Kelly,* Attorney General, and *Messrs. Loud, Collins, Campbell, Wood & Leavitt,* for Relators, submitted a brief; *Mr. Sterling M. Wood* and *Mr. Donald Campbell* argued the cause orally.

*Mr. F. B. Reynolds,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Original application on the relation of Lucy A. Marshall and four other persons, constituting the Montana State Board of Examiners for Nurses, for a writ absolute to prohibit the district court of Yellowstone county and the Hon. George W. Pierson, one of the judges thereof, from taking any further steps in a certain *mandamus* proceeding now pending before said court.　The material facts are as follows: On January 2, 1914, one Ellen M. Woolsey filed with the relators her application for examination and registration under the provisions of Chapter 50, Session Laws of 1913.　She was then over the age of twenty-one years and of good moral character, she had graduated from a correspondence school of nursing, and she presented with her application the requisite certificates of competency.　Her application was granted.　She was examined, and upon such ex-

amination was credited with a mark of 47⅔ per cent.   Under the rules established by the relators, the mark required for passing is 70 per cent.   She was notified of her failure and that the board would not recommend her to the governor for registration. Thereupon she appealed to the Montana State Association of Graduated Nurses, under the provisions of section 11 of the Act referred to, and that body at its first annual meeting thereafter sustained the decision of the relators.   She then filed in the district court of Yellowstone county her petition praying that a writ of mandate issue commanding the relators to recommend her to the governor for registration under such Act, averring that she had pursued as a business the vocation of nursing for five years prior to March 3, 1913; that she had in fact passed said examination; and that the relators, as well as the State Association to which she had appealed, "abused the discretion vested in them," and acted in such matter unfairly and with bias and prejudice.   Upon this petition and the affidavit which accompanied the same, an alternative writ was issued.   The relators demurred generally, and their demurrer was overruled. They then moved to quash the alternative writ upon the grounds that the petition and affidavit were not sufficient to entitle the petitioner to the writ and that the court was without jurisdiction, and this was denied.   The relators then made answer and return, the effect of which, so far as pertinent here, was to deny that the petitioner had pursued as a business the vocation of nursing for five years prior to March 3, 1913, or had passed the examination, or had been marked lower than she deserved, or had been treated unfairly or arbitrarily in said examination, and to aver that the mark of 47⅔ per cent given her upon said examination, represented the best judgment of the relators thereon.   The affirmative allegations of the answer were denied by a reply, and a motion of relators for judgment on the pleadings, challenging the jurisdiction of the court, was thereafter overruled.   The proceedings then came on for trial, and a jury was impaneled for the purpose of answering whether the petitioner had pursued as a business the vocation of nursing for a

period of five years prior to March 3, 1913, and whether on her examination before the State Board of Examiners for Nurses she was entitled to the credit of 70 per cent or more upon her answers to the questions submitted to her. After hearing the evidence, the taking of which occupied several days, the jury answered both interrogatories affirmatively. These findings were adopted by the respondent judge, over the objection of relators and over their challenge to the jurisdiction of the court. He also made an additional finding to the effect that the relators acted from prejudice and bias in not giving the petitioner an average grade of 70 per cent or more upon her examination, and he announced as "a conclusion of law" that the petitioner "is entitled to have a peremptory writ of *mandamus* * * * directing the defendants to recommend" her to the governor of the state of Montana "for registration as a nurse under the provisions of Chapter 50 of the Session Laws of the thirteenth legislative assembly of the state of Montana." It is conceded that a judgment will be entered directing a peremptory writ to issue in accordance with said conclusion of law, unless prevented by an absolute writ of prohibition from this court as sought by the relators.

The respondents contest the right of relators to maintain this proceeding because an appeal may be taken to this court from [1] the threatened judgment whenever it shall be entered. The existence of a remedy by appeal is not of itself a bar to prohibition, unless such remedy be plain, speedy and adequate. (Rev. Codes sec. 7228.) A remedy is speedy when, having in mind the subject matter involved, it can be pursued with expedition and without essential detriment to the party aggrieved; and it is neither speedy nor adequate if its slowness is likely to produce immediate injury or mischief. (32 Cyc. 617.) The judgment proposed to be entered by the district court amounts to nothing more nor less than a peremptory mandate to the relators to do a thing which, if their contention be correct, they ought not to do, and the doing of which may cause much mischief, both public and private. The doing of it, however, would

require so little time that the district court, if correct, might well command it to be done forthwith. The taking of an appeal would not of itself operate as a stay; nor could a stay be obtained from this court until such appeal should be perfected and lodged with us, an operation which might require quite an appreciable time. Meanwhile, should the district court be exacting, the relators would be subject to proceedings in contempt, with all its annoyances and possible pains and penalties. This they could avoid only by compliance with the writ, and the effect of that would be to execute the judgment and render any appeal unavailing. We are of opinion that, under .the circumstances of this case, an adequate remedy is not furnished by appeal. (*Havemeyer* v. *Superior Court,* 84 Cal. 327, 18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121; *Cronan* v. *District Court,* 15 Idaho, 184, 96 Pac. 768; *Terrill* v. *Superior Court,* 6 Cal. Unrep. 398, 60 Pac. 38; *State* v. *Denton,* 128 Mo. App. 304, 107 S. W. 446; *People* v. *Carrington,* 5 Utah, 531, 17 Pac. 735; *People* v. *District Court,* 26 Colo. 386, 46 L. R. A. 850, 58 Pac. 604; *Glide* v. *Superior Court,* 147 Cal. 21, 81 Pac. 225; *People* v. *Court,* 30 Colo. 123, 69 Pac. 597; *State* v. *Aloe,* 152 Mo. 466, 47 L. R. A. 393, 54 S. W. 494; *Keefe* v. *District Court,* 16 Wyo. 381, 94 Pac. 459.)

The controlling question, then, is one of jurisdiction: Whether the district court has power to issue any writ in the *mandamus* proceeding, and, if so, whether the proposed writ can be lawfully issued. The power of the district court to entertain the proceedings at all, or to enter any judgment or issue any writ, is denied upon the ground that in the case stated by the petition the relators cannot be compelled to do what the petition asks to have done, for two reasons: (a) The thing sought to be done cannot be compelled in any case; and (b) the relators cannot be compelled to do anything because the matter has passed beyond their jurisdiction by reason of the petitioner's appeal to the State Association of Nurses for whose action the relators are not responsible.

(a) We think it must be conceded that the district court has no authority to issue a peremptory writ commanding the relat-

[2] ors to certify the petitioner to the governor for registration. The fundamental postulate of the petitioner's whole proceeding is that the relators are a public board, and this cannot be doubted in view of the provisions of Chapter 50, Laws of 1913. The board must consist of five members who are chosen by the governor with reference to their possession of some special training and skill; their principal duty is to examine persons who seek registration as professional nurses; they are required to provide a schedule of subjects upon which applicants shall be examined, which subjects must include elementary anatomy, physiology, medicine, obstetrics, gynecology, surgery, dietetics, home sanitation, and nursing; they must adopt rules for such examinations; and it is their duty to recommend to the governor for registration each duly qualified applicant who shall have successfully passed the examination. Nowhere in the statute is any standard fixed by which it may be ascertained whether an applicant has successfully passed an examination, but upon at least nine subjects, each requiring some measure of specialized knowledge and each necessarily admitting some range of opinion, a decision must somehow be made. The inference is clear that whether an applicant has successfully passed an examination is left to the fair judgment and sound discretion of the board, exercised under the rules established by it. The duty thus imposed is not merely ministerial—it is *quasi*-judicial, and its performance in any particular way cannot be compelled by judicial proceeding (*State ex rel. Gravely* v. *Stewart,* 48 Mont. 347, 137 Pac. 854); nor is the honest judgment of the board, no matter how erroneous, subject to judicial review. We say honest judgment, because of an apparent exception to the rule just stated that, where discretion has been abused or has been arbitrarily or capriciously exercised, *mandamus* will lie to compel the proper exercise of the powers granted; "but this exception is more apparent than real, for such an exercise of power really means, in a legal sense, no

exercise and the writ may still be said to set the officer in motion.'' (*Atlanta* v. *Wright*, 119 Ga. 207, 45 S. E. 994; *State ex rel. Mitchell F. Co.* v. *Toole*, 26 Mont. 22, 91 Am. St. Rep. 386, 55 L. R. A. 644, 66 Pac. 496.)

We take it to be the rule in all legal proceedings, however, that substance rather than form is the essential thing; and the [3] fact that the petitioner did pray for something which she could not get in this case would not prevent the district court from entertaining the proceeding for the purpose of granting whatever mandatory writ might be appropriate under her petition and the proof. (*State* v. *District Court*, 22 Mont. 220, 56 Pac. 219.)    She distinctly alleges that her rejection was a capricious and arbitrary act and that judgment was not exercised by the board in her case.  This is equivalent to saying that the relators have not performed the duty imposed upon them by law, and is sufficient, if true, and if no other obstacle exists, to clothe the court with jurisdiction to compel the relators to examine the petitioner, or, perhaps, to mark the papers submitted by her, in accordance with the fair judgment of relators, if they have failed in that respect.

(b) Section 11 of the Act in question provides: ''Any person who makes application to the board for examination * * * who shall not pass said examination * * * may appeal to the Montana State Association of Graduated Nurses * * * and shall abide by the majority vote of said association after a full hearing thereon.''  That pursuant to this section the petitioner did appeal to the Montana State Association of Graduated Nurses, and that the appellate body affirmed the decision appealed from, are shown in the petition itself.  It is true that she also alleges that the appellate body did not grant ''a full hearing thereon,'' but that it likewise acted capriciously and arbitrarily.  This, however, is not a matter for which the relators can be called to account, and it does not alter the fact that the appeal was taken.  Indeed, the respondents seem to assume that, if the appellate body acquired any jurisdiction by virtue of such appeal, the relators' control over the matter was

at an end. They say, however, that the appellate body acquired and could acquire no jurisdiction of the appeal because the provision for it is wholly unconstitutional, in that the right of the citizen to follow any vocation or business is one of which he cannot be deprived without due process of law, had through the courts established or authorized by the Constitution; and that the legislature could not devolve upon said body any *quasi*-judicial function, because it is a mere voluntary association of persons not organized for the purpose of performing such or any governmental functions, whose membership is or may be fluctuating, and whose methods of procedure are neither prescribed nor subject to control. To these objections answer must be made: That the right of the citizen to follow any [4] lawful calling is not here involved. It is expressly provided by the Act in question that it shall not be construed "to affect or apply to the gratuitous nursing of the sick, * * * nor to any person nursing the sick for hire who does not in any way assume or pretend to have special training in the profession of nursing, and who also does not pretend to be a registered nurse." Pretension to registry is thus made essential to a violation of the statute. Now, whether there be or be not a natural right to pursue the business of nursing, there certainly is not any such right to a certificate of qualification from the state or to pretend that such certificate has been issued when it has not; and the right of the state to grant or refuse such certificate upon its own terms cannot be open to debate. Moreover, due [5] process of law is not necessarily judicial process (*Cunningham* v. *Northwestern Imp. Co.*, 44 Mont. 180, 119 Pac. 554), and, even in those cases where the practice of a profession which is potent for harm as well as good, is positively forbidden unless the practitioner shall have established his qualification by examination before a board, there is no arbitrary deprivation of any right, for the state may require such qualifications as tend in its judgment to insure against the effect of ignorance, incapacity, deception or fraud, and may enforce such requirement by any proceedings adapted to the nature of the case.

(*Craig* v. *Board of Medical Examiners,* 12 Mont. 203, 29 Pac. 532; *Dent* v. *West Virginia,* 129 U. S. 114, 32 L. Ed. 623, 9 Sup. Ct. Rep. 231.)   In the present instance, the position of the state is much stronger, for no right is denied.   The aim of the Act is, not to prohibit the practice of nursing, either gratuitously or for hire, but to designate the persons for whose qualifications the state is willing to stand sponsor, and to forbid persons from claiming such sponsorship who are not entitled to it.   The matter is wholly administrative, and the process of administration may be committed to any agency the legislature may choose to select, with or without direct appeal to the courts or elsewhere.   Since this is so, no constitutional question can possibly arise merely because a second agency is prescribed to sit in judgment upon the first, when asked to do so by a rejected applicant.   (*France* v. *State,* 57 Ohio St. 1, 47 N. E. 1041.)

The contention that the provision for appeal is inoperative because the appellate body is a voluntary association is also **[6]**   without merit in law, however sound it may be as a matter of policy.   In contemplation of law, the appellate body is merely an agency for carrying into effect the provisions of the Act.   We know of no rule or principle, and none has been called to our attention, under which the legislature is required to designate corporations or individuals, to the exclusion of voluntary associations, as agencies for such purposes.   On the contrary, it is the settled rule that no such restriction exists.   (*Wilkins* v. *State,* 113 Ind. 514, 16 N. E. 192; *Overshiner* v. *State,* 156 Ind. 187, 83 Am. St. Rep. 187, 51 L. R. A. 748, 59 N. E. 468, *Ex parte Frazer,* 54 Cal. 94; *Ex parte Gerino,* 143 Cal. 412, 66 L. R. A. 249, 77 Pac. 166.)   Nor is the fact that no procedure on appeal is prescribed of vital consequence.   The Act requires **[7]**   "a full hearing," and implies such orderly procedure as will enable the appellate body to fairly determine the right of appellant to be registered as based upon his examination before the primary board.   (*State ex rel. Kellogg* v. *District Court,* 13 Mont. 370, 34 Pac. 298.)

Whether section 11 requires the applicant to exhaust his remedy by appeal to the State Association in all cases is not now in question. We may assume that it does not, but that the appeal is contemplated as from an honest or mistaken judgment, and where his rejection is arbitrary or capricious, he may by judicial mandate compel the board of examiners to fairly examine him without pursuing such appeal; but even on this assumption the rejected applicant cannot procure a writ of mandate to correct a decision from which he has appealed. The Act provides that the applicant shall abide the result of the appeal after a full hearing; and, granting that he need not abide a result which has been reached without a full hearing or without the exercise of fair judgment on the part of the appellate body, it is a necessary consequence of this provision that, where he elects to appeal, the appellant puts his cause beyond the power and control of the primary board, and the only action which can then be corrected by the courts is the action of the appellate body.

For the reasons above stated, we are of the opinion that the district court has no jurisdiction to enter the proposed or any judgment in the *mandamus* proceeding in question. A peremptory writ of prohibition is therefore directed to issue forthwith.

*Writ issued.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.