IRENE SABIN SNELSON

*vs.*

C. MAUDE CULTON ET AL.

BOARD OF REGISTRATION OF NURSES.

Cumberland.    Opinion May 14, 1945.

*Jacob H. Berman,*

*Edward J. Berman,*

*Sidney W. Wernick,* for the petitioner.

*Frank I. Cowan,* Attorney General,

*Neal A. Donahue,* Assistant Attorney General, for the respondents.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

STURGIS, C. J. The petitioner for mandamus in this proceeding applied to the Maine Board of Registration of Nurses for examination for registration and certification as a registered nurse and her application was denied. She alleges in her petition and the alternative writ which issued that she was eligible for registration and the refusal to admit her to examination was illegal and a violation of her constitutional rights. The respondents, without traverse, returned that for lack of required qualifications the petitioner was not entitled to examination and prayed that the writ be quashed.

Demurrer to the return was sustained and peremptory writ awarded. Respondents' exceptions are certified.

In this jurisdiction any person may nurse the sick gratuitously or for hire without a license or permit and nursing as a calling is open to all alike regardless of age, sex or qualifications and free from governmental regulation. There is no distinction in this regard between the professional and the private or the trained and the merely experienced nurse or even the friend or relative who assists in time of need. Their right to nurse the sick is the same and unrestricted.

The State of Maine, however, in current legislation provides for the registration and certification of professional trained nurses and a register of their names at all times open to public scrutiny, and commits the administration of the law to a Board of Registration of Nurses constituted as directed and with powers and duties there defined. Registration is purely voluntary and in no way compulsory. It is open by examination to all professional trained nurses of requisite qualifications and without examination to those who are duly registered in other states. And while the practice of professional nursing as a registered nurse without a certificate of registration is prohibited, it is expressly provided that the law does not apply to the nursing of the sick by any person who does not represent himself or herself to be a registered nurse. R. S. 1930, c. 21, Sections 18 to 24; P. L. 1935, c. 127; P. L. 1939, c. 87. The purpose of this law clearly is not to regulate or control the practice of nursing as a calling but to designate by public registry and certification those nurses for whose qualifications the State is willing to vouch and to prevent others who are not entitled to it from falsely claiming such sponsorship. See *State ex rel. Marshall* v. *District Court*, 50 *Mont.*, 289, 296, et seq. Compare *Lehmann* v. *State Board*, 208 *Ala.*, 185; *State* v. *DeVerges*, 153 *La.*, 349,

350; *People* v. *Marlowe,* 283 N. Y. S., 474; *Henry* v. *The State,* 97 Tex., Crim. Rep., 67.

In this proceeding only the provisions of the statute relating to admission to examination of applicants for registration are of direct concern. *Section 20, Chap. 21 R. S. 1930 as amended* in its material parts reads:

> "Application for registration shall be made upon blanks furnished by the board and shall be signed and sworn to by applicant.
>
> · The board shall admit to examination for registration any applicant who shall pay a fee of $10 and submit satisfactory evidence that he or she:
>
> (a) Is more than 21 years of age and of good moral character;
>
> (b) Has had at least 2 years high school education or its equivalent; provided, however, that any applicant beginning training in an approved school as hereinafter provided after September 1, 1935, shall submit satisfactory evidence that he or she has graduated from a class A secondary school or has education equivalent thereto;
>
> (c) Has taken a full course of not less than 2 years in the same school of nursing from which he or she has graduated and received a diploma, said school of nursing to be one approved by the board of registration, and presided over by a nurse registered in accordance with the requirements of sections 18 to 24 inclusive, provided, however, in case of transfer of a student nurse from an accredited school of nursing because of closing of the school of nursing the minimum time that the candidate shall spend in the school of nursing from which she receives her diploma shall be 1 year."

Under this section of the statute no applicant for registration and certification as a registered nurse can be admitted to examination unless he or she has complied with all the conditions enumerated, and no warrant can be found in it for waiving any of its provisions, least of all that requiring training in an approved school of nursing presided over by a nurse registered here. That provision in its reference to schools is all inclusive and an intent to distinguish between schools in and out of the State is not apparent in the plain and unambiguous language in which it is written nor elsewhere in the statute. Its operation cannot be limited or extended by reading into it a meaning at variance with its express terms. *In re* Frank R. McLay, 133 Me., 175, 177; *Pease* v. *Foulkes*, 128 Me., 293, 298. It was and is the duty of the Board of Registration of Nurses to make no exceptions in their obedience to the mandates of this law.

The petitioner for mandamus as the pleadings show when she applied for registration by examination, if otherwise qualified, had not taken the required course in or graduated and received a diploma from a school of nursing approved by the Board of Registration and presided over by a nurse registered in accordance with the laws of this State, and of necessity submitted no satisfactory evidence thereof. Regardless of the standing of the school where she had trained or the reasons why it had not been approved the fact that it was neither approved nor presided over as directed compelled the Board of Registration to refuse to admit her to examination. They cannot be required by mandamus to violate their duty and disobey the law. *Burkett* v. *Secretary of State*, 137 Me., 42; *Chapman, Attorney General* v. *Snow et al.*, 135 Me., 134.

But the petitioner contends that the provision of the law requiring training in an approved school of nursing presided

over by a nurse registered here is unconstitutional and should be declared void. This provision, however, is an integral and all-affecting part of *Section 20, Chap. 21, R. S. 1930* as amended, without which we are convinced that law would never have been passed. If the provision is void this section of the statute in its entirety is a nullity. *State* v. *Cohen,* 133 Me., 293, 303. And the far-reaching consequence would be that the registration and certification of nurses by examination has no sanction in law and right to it does not exist in this State. Upon a premise of unconstitutionality a writ of mandamus could not be issued commanding the performance of an act which the respondents would have no power to perform. *Burkett* v. *Secretary of State,* supra. But appropriate for consideration here is the recognized rule that the validity of a statute cannot be assailed, the benefits of which are invoked in the same proceeding. *Fogler* v. *Clark,* 80 Me., 237, 241; *Casco Castle Company,* Petitioner, 141 Me., ——; *Wall et al.,* v. *Parrot Silver & Copper Co.,* 244 U. S., 407 *United Fuel Gas Co.* v. *Railroad Commission,* 278 U. S., 300. We are of opinion the record does not require decision upon the challenge of unconstitutionality.

The respondents in their return, without denying the allegations of the alternative writ, stated among other facts, that the petitioner has not taken a course in and graduated and received a diploma from an approved school of nursing presided over by a nurse registered here which was sufficient in law to defeat the claim of right to examination. This was proper practice. *Libby* v. *Water Company,* 125 Me., 144, 146; *Dane* v. *Derby,* 54 Me., 95. By demurring to the return the petitioner admitted all facts there well pleaded. *Rogers* v. *Selectmen of Brunswick,* 135 Me., 117. But one sufficient and valid defense having been stated in the return the demurrer being general should have been overruled. *School*

*Directors* v. *The People,* 106 Ill., App., 620, 622. The ordinary rules of pleading apply to a demurrer in madamus proceedings. 13 Encyc. Pl. and Pr., 698. The ruling sustaining the demurrer to the return and the order that peremptory writ issue were error and exceptions reserved must be sustained.

In view of the conclusions reached upon the controlling issues in this case other questions raised in the pleadings and in the briefs need no discussion and are not decided. The entry is,

> *Exceptions sustained.*
> *Writ quashed.*
> *Petition dismissed.*

Manser J. concurs in the result.